STATE v. GROVES.

*Indictment for Murder—Trial—Evidence—Charge of Judge— Array of Facts—Waiver.*

1. Inasmuch as the Statute (Section 413 of *The Code*) requires that the trial Judge "shall state in plain and correct manner the evidence given in the case and declare and explain the law arising thereon," a charge to the jury, in the trial of an indictment for murder, where the evidence of guilt is conflicting, is insufficient which only defines the different degrees of murder and contains no array of the facts or instruction as to the law applicable to such facts as the jury may find to be true from the evidence.

2. Where a defendant on trial for a capital offence pleads "not guilty," his consent that the Judge need not read over his notes of the testimony is not a waiver of his right to have the law applied to the facts in his case as the law requires shall be done.

INDICTMENT for murder, tried before *Adams, J.*, and a jury at March Term, 1897, of WAKE Superior Court. The

defendant was convicted of murder in the second degree and appealed assigning error in the instructions to the jury.

The charge of his Honor was as follows: "The State is required to satisfy you beyond a reasonable doubt of the guilt of the prisoner. The prisoner is not required to show his innocence. The law presumes every person charged with crime to be innocent; and, if the State has so satisfied you, then your next inquiry is as to what degree of crime has been committed, whether murder in the first degree, murder in the second degree, or manslaughter. You are instructed that, under our Statute, the prisoner cannot be found guilty of murder in the first degree unless you are satisfied from the evidence, beyond a reasonable doubt, not only that he is guilty of feloniously killing the deceased, but it must further appear from the evidence beyond a reasonable doubt that such killing was done wilfully, deliberately, and with premeditation,—that is, that it was done intentionally and with prior deliberation; and unless all these appear from the evidence, beyond a reasonable doubt, the jury cannot find murder in the first degree. While the law requires, in order to constitute murder in the first degree, that the killing shall be wilful and premeditated, still it does not require that the wilful intent premeditated or deliberated shall exist for any length of time before the crime is committed. It is sufficient if there was a design and determination to kill, distinctly formed in the mind at any moment before or at the time the pistol shot was fired. And in this case, if you believe from the evidence, beyond a reasonable doubt, that the prisoner feloniously shot and killed deceased as charged in the indictment, and that, before or at the time the pistol was fired, the prisoner had formed in his mind the wilful, deliberate and premeditated purpose and design to take the life of the deceased, and that the pistol was shot in further-ance of that design and purpose, and death ensued from the

effect of said shot, that he would be guilty of murder in the first degree.  To constitute murder in the first degree, there must have been an unlawful killing, done purposely and with premeditation and malice.  If a person has actually formed the purpose maliciously to kill, and has deliberated and premeditated upon it, before he performed the act, and then performs it, he is guilty of murder in the first degree, however short the time may have been between the purpose and its execution.  It is not time which constitutes the distinction between murder in the first degree and murder in the second degree.  Deliberation and premeditation are essential in order to constitute murder in the first degree, it matters not how short the time, if the party has turned it over in his mind, and weighed and deliberated upon it. Murder in the second degree is the felonious killing of a person with malice aforethought, but without deliberation and premeditation.  Manslaughter is any unlawful killing without malice aforethought, as when one kills another in a fight arising in a sudden quarrel in the heat of passion.  Defendant admits that he shot the deceased. That being so, malice is presumed from the use of the deadly weapon; and if you believe that the prisoner shot the deceased as he says he did, and deceased died from the effect of the wound caused by said pistol shot, and that he premeditated and deliberated by turning the matter over in his mind before the fatal shot was fired, then you should find him guilty of murder in the first degree, unless you find he shot in self-defence.  If you find that the prisoner had not deliberated and premeditated,—that is, thought of the killing before hand,—and had not formed a specific intent to kill the deceased before he shot, then you should find him guilty of murder in the second degree, unless the defendant has satisfied you that he acted from the impulse of heat and passion or that he shot in self-defence.  But, if you should find that

defendant acted from the impulse of heat and passion, and that the deceased and defendant were quarreling with each other, and defendant shot from impulse and passion, and deceased died from the effect of said wound made by the pistol shot, then you should find him guilty of manslaughter, unless you are satisfied the prisoner shot in self-defence. The fact that deceased may have cursed or insulted the defendant did not give the defendant a right to shoot deceased; and if the prisoner shot deceased for the purpose of resenting an insult, and death resulted from said shot, the prisoner would, at least, be guilty of manslaughter, unless you find he shot in self-defence. The plea of self-defence being relied on, it is incumbent on the defendant to show to your satisfaction that he acted in his necessary self-defence. The burden in this respect is on the prisoner. A person has a right to defend himself from death or serious bodily harm when attacked, but in that case has no right to use more force than is necessary in his protection; but, if an attack on a person is not of such violence as to threaten serious bodily harm, his resistance must stop short of injury to life or limb. When a person is assailed by another, and from the nature of the attack, viewed in the light of the assailant's known character for violence, and if the party assailed has reasonable ground to believe, and does believe, that the assailant intends presently to take his life or to do him some great bodily harm, he will be justified in killing his assailant, provided he has not previously brought on the assault, and provided the circumstances are such that the extreme measure would seem to the comprehension of a reasonable man necessary in his situation to prevent the threatened injury, not the bare belief on the part of the accused that he was in danger of death or great bodily harm at the time he resorted to the force which will excuse or justify him, but he must show to your satisfaction that he had reasonable

grounds for such apprehension; at least, he must raise a reasonable doubt in your minds as to whether he had not such reasonable grounds. It is for the jury, and not the prisoner, to judge of the reasonable grounds of apprehension."

*Mr. Zeb V. Walser, Attorney General,* for the State.

*Messrs. Jones & Boykin* and *J. C. L. Harris,* for defendant (appellant).

FAIRCLOTH, C. J.: The defendant was indicted for murder, was convicted of murder in the second degree and appealed, assigning several exceptions in apt time. We are required to order a new trial on one exception and that renders it unnecessary to consider the other exceptions. That exception was to his Honor's charge to the jury. Several witnesses were examined as to the facts and to character. There was conflicting evidence as to the circumstances, the place, the manner of the killing and the mutual provocations. His Honor told the jury what constituted murder, murder in the second degree, manslaughter and self defence in general terms; and, without committing ourselves to his definitions, in several respects we find the charge defective. It fails to state the contentions of the parties, and fails to tell the jury if they find the facts according to either of the contentions, what the law is applicable thereto. There is no array of the fact or facts, which the evidence tends to prove, if believed by the jury, and the jury is left to apply the law to the facts as they may find them without any aid from the Court. The charge deals in general expressions in technical language, without any array of the facts, or different parts of the evidence, and it is hardly possible for the jury to apply such language to the facts without assistance from the Court. The law does not leave them in such a helpless condition. The law requires that the Judge "shall state in plain and correct manner the

evidence given in the case, and declare and explain the law arising thereon" (*Code*, Section 413) and the defendant's exception is that he failed to do so, and that he failed to state the issues arising out of the evidence, upon which they were compelled to pass; also that he failed to instruct them as to the law applicable to such facts as they might find to be true from the evidence.

In *State* v. *Dunlop*, 65 N. C., 288, it was held that when a prayer for instruction assumes facts to be in proof, and in the opinion of the Judge there is no evidence tending to prove them, he ought to say so and disembarrass the jury of the assumed facts and of the law predicated thereon. But if there be evidence tending to prove the assumed facts, the Judge should tell the jury distinctly what the law is, if they find the assumed state of facts to be true, and so as to every such state of facts arising out of the different aspects of the evidence.

The subject is so thoroughly discussed in the above case and in *State* v. *Jones*, 87 N. C., 547, a similar case, that we deem it useless to cite other authorities or to make further comment. It was agreed that his Honor "need not read over his notes of the testimony" and he did not do so. This does not change the matter. His Honor was not required to read over the details of the evidence, nor to repeat it in detail to the jury, but he must direct their attention to the principal questions they have to try and give them the law bearing thereon.

A defendant may plead guilty if he likes, and waive many formalities in the course of the trial, but when he has plead 'not guilty' in a capital case, and is in the hands of the jury and Court, his consent that the Judge need not read over his notes cannot be taken as a waiver of his right to have the law applied to the facts in his case, as the law requires shall be done. The case goes back for trial *de novo*

for the offence charged in the bill of indictment.  *State* v. *Craine*, 120 N. C., 601.

New trial.