FRANK NICHOLS v. CHAMPION FIBRE COMPANY, CHARLEY SETZER,
AND GEORGE H. JONES.

(Filed 24 June, 1925.)

1. **Principal and Agent — Negligence — Vice Principals — Nondelegable Duties—Verdict—Judgments.**

   While damages against the principal may not be recovered when dependent solely upon the negligence of its employees, upon allegations and evidence that the failure of the principal had proximately caused the injury in suit from its failure to perform a nondelegable duty to provide for the safety of its employee, the plaintiff in the action, a motion to set aside a verdict only against the principal, when others of its employees as vice principals were likewise parties to the action, and to sign a judgment also exonerating the principal from liability, is properly denied.

2. **Instructions—Pleadings—Evidence—Appeal and Error.**

   Where in an action to recover damages for an injury negligently inflicted on plaintiff, there is allegation and evidence to sustain the action on the issue, the instruction of the court upon the law embraced by the controversy is an essential part of the verdict, and failure of the judge to charge thereon (C. S., 564) is reversible error, especially só when opposing counsel had argued the facts and the law as permitted them under the provisions of C. S., 203.

APPEAL by defendant from *Finley, J.,* at February Term, 1925, of HAYWOOD.

On 28 September, 1923, defendant, Champion Fibre Company, a corporation, owned and operated a lumber plant at Waynesville, N. C.;

it also owned and used in connection therewith a narrow-gauge railroad, extending from Waynesville back into the mountains; on this railroad it operated cars by means of locomotive engines for the purpose of hauling saw logs and acid and pulpwood from points in the mountains to its plant at Waynesville; this logging road extended to the town of Delwood, at Jonathan's Creek; one branch of said railroad extended down the creek and the other up the creek; at the point where the fork is located, defendant maintains a switch, known as the Delwood Switch; about a mile or so above this switch, on the branch running up the creek, is another switch, known as the Carpenter Switch. Defendant, in the conduct of its business, operated on this railroad two trains, one known as the "little train" and the other as the "logging train." The switches were located and maintained to enable trains to pass each other.

On said date, plaintiff, Frank Nichols, was employed by said company as brakeman and flagman on the logging train; defendants, Charley Setzer and George H. Jones, were also employed by said company, the former as general manager and foreman of the logging crew, and the latter as engineer on the logging train.

On the morning of 28 September, 1923, defendant company had sent its "little train" up the mountains on said railroad for the purpose of bringing down a load of steel rails; shortly after said "little train" left the plant at Waynesville the "logging train," consisting of ten empty log cars and one wood car, with Setzer in charge and Jones as engineer, and plaintiff as brakeman and flagman, left the plant on said railroad for the purpose of going up to and beyond the Carpenter Switch for a load of logs and acid wood, with directions to pass the "little train" at Delwood. This train was backed up the mountain, the engine being in the rear of the cars. When the logging train reached Delwood it was ascertained that the "little train" was not there and was not in sight. Signals were given and the train was stopped. After waiting a moment for the "little train," the engineer, under orders, started the "logging train" again, backing up the mountain. As the train went around a curve, at a rapid rate of speed, smoke from the engine of the "little train" was seen. Plaintiff, who was sitting on a bolster of one of the cars with Setzer, arose and went up on a car and gave signals to the engineer who was several car lengths behind him. Jones then put on brakes, causing the train to slow down; plaintiff had no place on which to stand while giving signals to the engineer except the running gear of a log car. The signals could not be given to the engineer by plaintiff while sitting down. The distance between the two trains was about 400 feet. Before the "logging train" came to a full stop, while the slack was being taken up, the engineer caused the train to

start forward again with a sudden jerk. Plaintiff, who had not resumed his seat on the bolster of the car as the train thus moved forward, fell from the train, with the result that he was seriously and permanently injured.

This action is prosecuted to recover of defendants, Champion Fibre Company and its employees, Charley Setzer and George H. Jones, damages for such injuries, upon the allegation that "the careless, tortuous and negligent acts, conduct and omissions of the defendants and each of them, as hereinabove, in the complaint specifically pleaded, directly, materially, concurrently, jointly, and proximately contributed to and were the direct and material, concurrent, joint and proximate cause of the plaintiff's aforesaid injury."

The verdict rendered by the jury was as follows:

1. Was the plaintiff injured by the negligence of the defendants, or either of them, and if so, which, as alleged in the complaint? Answer: Yes; Champion Fibre Company.

2. Did defendant by his own negligence contribute to his injury, as alleged in the answer? Answer: No.

3. What damages, if any, is the plaintiff entitled to recover? Answer: $7,000.

Upon this verdict defendants tendered to the court the following judgment and moved the court to sign same: "The jury having found by its verdict that the defendants, George H. Jones and Charles Setzer, were not guilty of negligence that caused the plaintiff's injury, and this finding having, as a matter of law, exonerated not only the said Jones and Setzer, but also the Champion Fibre Company, from liability, upon motion of Morgan & Ward and Martin, Rollins & Wright, attorneys for defendants, it is ordered and adjudged that plaintiff have and recover nothing by his action, and defendants, and each of them, go hence without day, and that plaintiff pay the costs of this action."

The motion was denied, and the court declined to sign judgment as tendered. Defendant, Champion Fibre Company, excepted.

To the judgment rendered by this court, defendant, Champion Fibre Company, excepted and appealed therefrom to this Court, assigning errors.

*Alley & Alley for plaintiff.*
*Martin, Rollins & Wright for defendant.*

CONNOR, J. The jury by its verdict has found that plaintiff was not injured by the negligence of Setzer or Jones, employees of their codefendant, Champion Fibre Company. Neither of them is, therefore, liable to plaintiff for damages as alleged in the complaint. The jury

has further found that plaintiff was injured by the negligence of defendant, Champion Fibre Company, as alleged in the complaint. This defendant, upon the verdict, is liable to plaintiff, and the judgment that he recover of the Champion Fibre Company the sum assessed by the jury as his damages must be affirmed, unless the assignments of error, upon this appeal, are sustained.

Defendant, Champion Fibre Company, assigns as error the refusal of the court to sign judgment tendered by it, upon the verdict of the jury and the charge of the court. This assignment of error is based upon the contention that, notwithstanding the several allegations of negligence in the complaint, there was evidence only upon the specific allegations that plaintiff's injuries were caused by the wrongful acts of defendants, Setzer and Jones, employees of their codefendant, and that the court instructed the jury only upon the law applicable to the matters involved in these allegations. The jury having found that plaintiff was not injured by the negligence of either of its employees, Champion Fibre Company contends that it is not liable, as their employer, to plaintiff, and that the court should have so adjudged.

Plaintiff contends that there were both allegations and evidence that Champion Fibre Company, his employer, failed to perform certain primary, nondelegable duties which it owed him as its employee, and that such failure was the proximate, or at least concurrent, cause of his injuries. Plaintiff further contends that his allegations in these respects are sustained by the verdict, and that this assignment of error ought not to be sustained.

If each and all the allegations of negligence, set out in the complaint, involve only the conduct of Setzer and Jones, employees of Champion Fibre Company, and the liability of said company arises solely from the application of the principle of *respondeat superior,* the assignment of error must be sustained, for upon such allegations if the employee or servant is not liable it must follow that the employer or master is equally free from liability. *Bradley v. Rosenthal,* 97 Pac., 875; *Doremus v. Root,* 63 Pac., 572; *Cressler v. Brown,* 192 Pac., 417; *Williford v. Kansas City R. Co.,* 154 Fed., 514; *New Orleans & N. E. R. Co.,* 142 U. S., 18. On the other hand, if there are allegations of negligence, involving not only the conduct of the employees, but also the conduct of the common employer, and such conduct of the employer as alleged is in breach of one or more of the primary, nondelegable duties of the employer to the injured employee, then the finding of the jury that the injuries sustained by the employee were not caused by the negligence of his fellow-employees, but was caused by the negligence of the employer, does not exonerate the employer. The employer is liable, even if the negligence of the employee concurred with that of the

employer in causing the injury as the proximate cause thereof. *Beck v. Chair Co.,* 188 N. C., 743; *Thomas v. Lawrence,* 189 N. C., 521. When the negligence of the employee is alleged as the only and exclusive cause of the injury and the allegation is not sustained by the verdict the employer cannot be held liable, for his liability is dependent upon the negligence of his employee, and not upon his own conduct.

The five several, specific allegations of negligence, set out in the complaint, as summarized in plaintiff's brief, are as follows:

(a) The failure of defendant company to have and promulgate rules, orders and signals for the safe and proper movements of its trains;

(b) Its failure to furnish a safe and prudent trainmaster;

(c) Its failure to furnish the plaintiff a safe and suitable place to stand on its logging cars while performing his duties;

(d) The negligent order of its trainmaster, Charley Setzer, upon approaching the Delwood Switch;

(e) The negligent manner in which George H. Jones, the engineer, operated the train after receiving such order.

If the evidence submitted to the jury was sufficient for them to find therefrom facts, which, under the instructions of the court as to the law applicable to these facts, sustain either of the allegations of negligence, as set out in the complaint, and if the jury further found that such negligence was the proximate cause of the injuries to plaintiff, resulting in damages, then plaintiff is entitled to judgment that he recover such sum as the jury may assess as damages. His right of recovery is not dependent upon proof that all his allegations of negligence are sustained. If defendant, by its negligence in any respect, as alleged in the complaint, caused plaintiff's injuries, or if either of the defendants, Setzer or Jones, employees of Champion Fibre Company, by his negligence, as alleged, caused the injuries, then in either event defendant is liable. Liability of the master may be either primary, as arising from injuries caused by breach of duty which the master owes, and which he cannot delegate, or secondary, as arising from the maxim *qui facit per alium facit per se.* "Where several grounds of liability are alleged, proof of one will be sufficient to authorize a recovery." 20 R. C. L., 177, and cases cited in note. *Farnon v. Mines Co.,* 50 Utah 295, 167 Pac., 675, 9 A. L. R., 248.

There was evidence sufficient to be submitted to the jury upon the allegations of a breach of the primary duties, or at least of one of them, alleged in the complaint, and that such breach was the proximate, or at least concurring, cause of plaintiff's injury. As there are both allegations and evidence supporting the answer to the first issue, defendant's first assignment of error cannot be sustained. There was no error in the refusal of the court to sign judgment tendered by defendant.

Defendant further assigns as error the failure of the court in the charge to the jury to comply with the requirements of C. S., 564. This statute makes it the duty of the judge presiding at a trial, in which issues are submitted to the jury, "to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon." Defendant contends that his Honor did not in his charge declare and explain the law applicable to the facts as the jury might find them to be from the evidence, but simply stated the contentions of the parties, both as to the facts and as to the law. There are no exceptions to the charge as given, nor were there any prayers for special instructions.

His Honor charged the jury as follows: "In order to establish actionable negligence the plaintiff is required to show by the greater weight of the evidence, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances when charged with a like duty; second, that such negligent breach of duty was the proximate cause of the injury." "You will notice that the law does not require an extraordinary amount of care, nor is it satisfied with a small amount, but it is that degree of care which a man of ordinary prudence would exercise under the same circumstances."

His Honor then stated fully and at length the contentions of plaintiff and defendants upon the issues. He concludes the charge with the following words, "You have heard the evidence and heard the arguments of counsel. It is purely a question of fact for you to determine. The court cannot have any opinion about it. If the lawyers on either side have given you an opinion it is something that is incompetent, because you are the only men who have any right to have a legal opinion. The witnesses can tell you the facts and then taking all the facts you should balance it up and measure it mentally and then say how you decide each issue in proportion to how you find the facts to be."

We do not find in the charge any instruction to the jury as to the law arising upon and applicable to the facts which they may find from the evidence. His Honor did not declare and explain the duties which the law imposed upon defendant as employer of plaintiff with respect to any of the matters involved in the allegations of negligence. Nor did he instruct the jury as to the law with respect to the breach of any of these duties, and the relation of such breach to the injuries as the proximate or concurrent cause thereof. The statement of the general principles of law, without an application to the specific facts involved

in the issue, is not a compliance with the provisions of the statute. *Hauser v. Furniture Co.,* 174 N. C., 463; *S. v. Merrick,* 171 N. C., 788.

Counsel had doubtless argued the whole case, "as well of law as of fact to the jury," as they had a right to do. C. S., 203. The jury was instructed that the opinions of the lawyers arguing the case, both as to the law and the facts, were "incompetent because you are the only men who have a right to have a legal opinion." It is of course, elementary that while the jury must determine the facts from the evidence, it is both the function and duty of the judge to instruct them as to the law applicable to the facts. The answers to the issues submitted in this case are not to be determined altogether by the facts; each issue involved matters of law, and the jury should have been instructed by the judge as to the law. While counsel may argue the law of the case to the jury, both plaintiff and defendant are entitled, as a matter of right, to have the judge declare and explain the law arising on the evidence. A failure to comply with the statute must be held as error. The error was not waived in this case by failure of defendant to request special instructions. An answer to an issue, not supported by evidence or contrary to the evidence is objectionable; an answer determined by the jury, without instructions by the judge as to the law involved, is no less objectionable. Liability for negligence arises from the application of well-settled general principles of law to the facts of specific cases; it is not to be determined solely by the jury; the judge has his function and his duty; actionable negligence is a mixed question of law and fact— no less of law, to be determined by the judge, than of fact, to be determined by the jury.

In this case, the answer to the issue fixing defendant with liability for $7,000 was made by the jury, without instruction from the judge as to the law. The assignment of error must be sustained. Upon the issues arising on the pleadings between plaintiff and defendant, appellant, there must be a

New trial.