## STATE v. GENE BURNETTE.

(Filed 2 March, 1938.)

**1. Assault § 12: Criminal Law § 54c—Failure to charge jury it might find defendant guilty of less degrees of crime charged held error.**

The evidence disclosed a vicious assault by three persons on prosecuting witness in which a knife was used, resulting in serious injury, and that at the time defendant declared he was going to kill all the Negroes in Leaksville. Defendant relied on an alibi. The court instructed the jury they might find defendant guilty of assault with a deadly weapon with intent to kill, resulting in serious injury, or not guilty. *Held:* The intent to kill was a question for the jury upon the evidence of defendant's declaration and the nature and viciousness of the assault, as was also the question whether defendant used a deadly weapon, and the court should have instructed the jury that they might find defendant guilty as charged in the bill of indictment if they so found beyond a reasonable doubt, or guilty of assault with a deadly weapon if they had a reasonable doubt of defendant's intent to kill, or of assault wherein serious injury was inflicted if they should fail to find that defendant used a deadly weapon and should further fail to find that the assault was committed with a deadly weapon, or not guilty. C. S., 4640.

**2. Criminal Law § 81c—Verdict of guilty of crime charged does not cure error in failing to submit question of guilt of less degrees.**

A verdict of guilty of the crime charged in the bill of indictment does not cure error in failing to submit to the jury the question of defendant's guilt of less degrees of the crime charged, since it may not be determined on appeal whether the jury might have found defendant guilty of less degrees if the questions had been submitted.

APPEAL by defendant from *Phillips, J.,* at August Term, 1937, of ROCKINGHAM. New trial.

This is a criminal action tried on a bill of indictment charging that the defendant did unlawfully and feloniously assault one Bud Minute, alias Bud Miller, with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.

The evidence tends to show that Bud Minute between 11 and 11:30 o'clock p. m., on or about 20 November, 1935, was walking along a public road near Dan River bridge in Rockingham County when the defendant drove up in an automobile and got out and asked Minute for a cigarette. Minute told him he did not have a cigarette, but that he had paper and tobacco with which to make one. The defendant declined to use these, became angry, said that he was going to kill every Negro in Leaksville, cursed Minute and said that he was going to fix him and began to fight him. Two other men stepped out of the car to help the defendant. One of them had a knife. Minute was cut three times about

the throat. One of the men suggested throwing Minute over the bridge. They took him and attempted to do so and struck his head against the banister of the bridge. They then threw him over the bridge and he fell about forty-three feet down upon rocks and sticks. The prosecuting witness was found about 3 a. m. under the bridge. At that time his arms, legs and ribs were broken and his teeth were knocked out and he remained in bed twelve months. There was evidence tending to corroborate the State's witness. The defendant denied the assault and relied upon evidence tending to establish an alibi. There was a verdict of guilty "as charged in the bill of indictment." From judgment pronounced thereon the defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*D. Floyd Osborne and J. Hampton Price for defendant, appellant.*

BARNHILL, J. One of the defendant's exceptions is directed to the failure of the court below to charge the jury as to its right to return a verdict of guilty of a less degree of the crime charged in the bill of indictment. In this connection the court charged the jury: "If you are satisfied from the evidence and beyond a reasonable doubt as to the guilt of the defendant, your verdict will be 'guilty.' If you have a reasonable doubt as to his guilt, from all the evidence, you will return a verdict of 'not guilty.'" . . . And again, "If you are satisfied, and beyond a reasonable doubt, of his guilt, whether the State proves a motive or not, you will, if you are satisfied beyond a reasonable doubt that he is guilty, your verdict will be 'guilty,' even though no motive has been proven."

It was permissible for the jury under the bill of indictment to return either one of four verdicts according as they should find the facts to be, to wit: (1) Guilty as charged in the bill of indictment. (2) Guilty of an assault with a deadly weapon. (3) Guilty of an assault wherein serious injury was inflicted, or (4) Not guilty. Nowhere in the charge does the court undertake to define the lesser degrees of the felony charged, or instruct the jury that if it was satisfied beyond a reasonable doubt that the defendant assaulted the prosecuting witness with a deadly weapon, but had a reasonable doubt as to the intent to kill, then that it should return a verdict of guilty of an assault with a deadly weapon, nor does the court instruct the jury as to its duty to return a verdict of an assault wherein serious injury was inflicted if they should fail to find that the defendant used a deadly weapon and should further fail to find that the assault was committed with an intent to kill.

C. S., 4640, expressly provides that a defendant may be convicted of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime,

and procedure under this statute in criminal actions constitutes a well-recognized rule of practice in this jurisdiction. When there is evidence tending to support a milder verdict than the one charged in the bill of indictment the defendant is entitled to have the different views presented to the jury under a proper charge, and an error in this respect is not cured by a verdict convicting him of the crime as charged in the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a less degree if the different views, arising on the evidence, had been correctly presented by the trial court. *S. v. Robinson,* 188 N. C., 784; *S. v. Lutterloh,* 188 N. C., 412; *S. v. Merrick,* 171 N. C., 788; *S. v. Allen,* 186 N. C., 307; *S. v. Williams,* 185 N. C., 685, and cases there cited.

The only evidence of an intent to kill was the evidence of the declaration of the defendant that he was going to kill all the Negroes in Leaksville and the facts and circumstances tending to show the nature and viciousness of the assault. The probative force and effect of these circumstances was for the determination of the jury. If the jury was not fully satisfied that the assault was committed with an intent to kill it was yet possible for them to return a verdict of guilty of a lesser degree of the crime charged. If the jury rejected the testimony tending to show an alibi and found that the defendant in fact committed an assault upon the prosecuting witness, as its verdict indicates, it may be well understood from the evidence in this case—as to the nature and effect of the assault committed—that it would hesitate long before returning a verdict of not guilty. Inadvertently the court below gave it only this one choice.

The failure of the court to charge the jury as to its right to return a verdict of a less degree of the crime charged, and to explain the law in respect thereto, deprived the defendant of a substantial right, entitling him to a

New trial.