C. P. THOMPSON v. CLARENCE W. ANGEL AND WIFE, FRANCES P. ANGEL.

(Filed 15 June, 1938.)

**Trial § 6—Remark of court that law invoked by defendants was a bad law held prejudicial error entitling defendants to a new trial.**

A remark of the court during the conduct of the trial and in the hearing of the jury, to the effect that the very law upon which defendants predicated their defense was a bad law, is prejudicial error which may not be cured by a later statement that the court's personal disagreement with the law did not render it any the less effective as the law of the land to be respected and obeyed by the court and the jury, and a new trial is awarded on defendants' appeal.

APPEAL by defendants from *Sink, J.,* at September Term, 1937, of GUILFORD. New trial.

*Frazier & Frazier for plaintiff, appellee.*
*Spencer B. Adams and Moseley & Holt for defendants, appellants.*

SCHENCK, J. This is an action to recover a deficiency judgment after sale of real property by a trustee in a deed of trust at which sale the plaintiff, the holder of the obligation secured by said deed of trust, became the purchaser, and wherein the defendants, trustors and makers of the obligation, whose property was purchased at said foreclosure sale and against whom the deficiency judgment is sought, alleged and offered evidence tending to show as a matter of defense and set-off that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale, and that the amount bid at said sale was substantially less than the true value of the property sold. Sec. 3, ch. 275, Public Laws 1933 (N. C. Code of 1935 [Michie], sec. 2593d).

When the defendants offered their evidence tending to show the value of the real estate sold under foreclosure at the time of the foreclosure there was some discussion as to its competency, but the court finally ruled that the evidence was competent, and "In doing so, the court said, in the presence and hearing of the jury and during the progress of the trial, 'I looked for it myself. I still think it is bad law but it is the law of the land.' To which said remark in the presence and hearing of the jury and during the progress of the trial, to wit, that it was bad law, the defendants and each of them in apt time duly excepted, stating in making said exception that it had been decided by the Supreme Court of North Carolina and the Supreme Court of the United States that it was good law. Exception No. 7.

"Whereupon, the court stated to the jury: 'Gentlemen of the jury, the defendants through their attorneys of record except to the remark of the court that the court thought that the law we have been discussing was bad law. That is quite proper. This court reasserts that it thinks it is bad law, and I instruct you, or rather it instructs you, as it has heretofore, that it is immaterial what this court thinks about it, and it is immaterial what you think about it. It is the law of the land and should be respected and will be respected by this court, and shall be by you. There are many things in the law that one may disagree with personally. This happens to be one that this court disagrees with; but we took a recess yesterday afternoon to find out what the law was, and, in order that this court might tell you, gentlemen of the jury, what the law is. It turned out to be something personally that the court disagrees with. That does not make (it) any the less effective as the law of the land to be respected and obeyed by you and by this court.' To the instruction subsequently given and the statements in their entirety, the defendants again except. Exception No. 8."

Exceptions 7 and 8 are made the bases for exceptive assignments of error, which we think, and so hold, should be sustained.

As was said in *Perry v. Perry,* 144 N. C., 328, quoting Mr. Thompson in his work on Trials, sec. 218, "Any remarks of the presiding judge, made in the presence of the jury, which have a tendency to prejudice their minds against the unsuccessful party will afford grounds for a reversal of the judgment."

*Adams, J.,* in *S. v. Bryant,* 189 N. C., 112, writes: " 'No judge, in giving a charge to the petit jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon.' C. S., 564. In terms, this statute refers to the charge, but it has always been construed as including the expression of any opinion, or even an intimation by the judge, at any time during the trial, which is calculated to prejudice either of the

parties. *Morris v. Kramer,* 182 N. C., 87, 91. And when once expressed, such opinion or intimation cannot be recalled. In the case last cited, the Court said: 'When the damage is once done, it cannot be repaired, because, as we know, the baneful impression on the minds of the jury remains there still.' "

The remark of the trial judge to the effect that he thought the very law upon which the defendants predicated their defense was a bad law we apprehend had a tendency to prejudice the minds of the jury against such law and thereby against the defendants who were invoking it, and "the baneful impression" created upon the minds of the jury remained notwithstanding the instruction of the judge that his personal disagreement with the law "does not make (it) any the less effective as the law of the land to be respected and obeyed by you and by this court."

For the errors assigned there must be a

New trial.