STATE v. E. B. HIGH AND W. I. TANNER.

(Filed 8 March, 1939.)

**1. Assault and Battery § 12: Criminal Law § 53d—**

In this prosecution for felonious assault with intent to kill, the instruction of the court as to the lesser offenses embraced in the charge *are held* without error.

**2. Assault and Battery § 8: Indictment § 22—**

An indictment charging a felonious assault with intent to kill as defined in C. S., 4213, embraces as a lesser degree of the crime charged the offense of assault with a deadly weapon, and where the evidence is sufficient to sustain a verdict of the offense charged, defendant may not complain of a verdict of guilty of the lesser offense.

APPEAL by defendant W. I. Tanner from *Hamilton, Special Judge,* at August Term, 1938, of NASH. Affirmed.

Criminal action in which the defendants were tried under a bill of indictment charging them with felonious assault with intent to kill, as defined in C. S., 4213.

The State offered evidence tending to show that K. B. Matthews, a merchant in the city of Rocky Mount, on Saturday night, 12 March, 1938, drove to his home about midnight; that as he got out of the car and attempted to leave his garage he was assaulted with deadly weapons by two persons; that he was struck a number of times with iron pipes about the head and body; that at the time he had more than $300.00 on his person; and that Matthews identified the two defendants as being the persons who assaulted him. There was other evidence tending to indicate that the defendants were the persons who committed the assault.

The defendants offered evidence tending to contradict the evidence offered by the State as to the identity of the assailants and other evidence tending to establish an alibi for each of the defendants.

The court in charging the jury instructed them that they could return either one of five verdicts, as they found the facts to be, to wit: Guilty of a felonious assault as charged in the bill of indictment; guilty of an assault with a deadly weapon, inflicting serious injury; guilty of an assault with a deadly weapon; guilty of a simple assault; or not guilty. In so doing the court properly placed the burden of proof upon the State. After the jury had been out for some time it returned to the courtroom and its spokesman informed the court that the jury wanted to know in what degree of guilt the jurors could make it as light as possible. The court inquired if the jury meant that they did not understand the instructions with regard to the various offenses. The spokesman replied: "We cannot carry all of them." Thereupon the court again outlined the offense charged and the lesser degrees thereof upon which a verdict of guilty might be returned, particularly outlining the difference between assault with a deadly weapon and a simple assault. The jury returned to its room and shortly thereafter returned a verdict of guilty of assault with a deadly weapon. Judgment was pronounced thereon and the defendant Tanner appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*T. T. Thorne and W. H. Yarborough for defendant, appellant.*

PER CURIAM. While the defendant in the case on appeal makes twelve separate assignments of error, nine of which are directed to alleged errors in the charge, and the other three of which are directed to the refusal of the court to set aside the verdict and to grant a new trial, he does not bring forward any one of the assignments in his brief. He merely discusses his contention that the colloquy between the jury and the court, when the jury returned to the courtroom for further instructions, indicates that the jury was confused by the charge and rendered a compromise verdict, and his further contention that a verdict of guilty of an assault with a deadly weapon was not permissible under the bill of indictment and the theory upon which the case was tried.

The exceptions to the charge are without merit. The court properly instructed the jury as to the lesser offenses embraced in the bill of indictment. The language of the statute and of the bill makes an assault with a deadly weapon an essential element of the major offense. It was, therefore, permissible for the jury to return the verdict which appears of record as a lesser offense of the crime charged. While it is true that

the evidence of the State, if accepted and believed by the jury, warranted a verdict of guilty of the offense charged, this did not preclude a verdict upon a lesser offense and the defendant cannot complain that the jury did not accept the State's evidence in full.

*Bartholomew v. Parrish,* 186 N. C., 81, 118 S. E., 899, relied on by the defendant, is not in point. There the jury returned a verdict which in no aspect of the case was supported by evidence, and it expressly stated in its verdict that it was a compromise. Here the verdict is supported by evidence and the defendant was adjudged guilty of a crime which is a lesser offense of the felony charged.

The trial involved largely an issue of fact. The jury rejected the defendant's evidence tending to show an alibi and accepted the evidence tending to identify the defendant as one of the assailants. As no prejudicial or harmful error is pointed out in the brief and no error appears in the record or in the charge of the court, the judgment below must be

Affirmed.