STATE v. JAMES LEROY JACKSON.

(Filed 24 March, 1948.)

**1. Criminal Law § 53f—**

The use of the phrases "tending to show" or "tends to show" in arraying the evidence for the State, the same expressions being used in reciting defendant's testimony, does not constitute an expression of opinion on the facts. G. S., 1-180.

STATE *v.* JACKSON.

**2. Criminal Law § 53d—**

The chief purposes of the charge are clarification of the issues, elimination of extraneous matters, and declaration and application of the law arising upon the evidence. G. S., 1-180.

**3. Same: Criminal Law § 81c (2)—**

The action of the trial court in prefacing a special instruction with a charge that the jury should disregard previous instructions if and to the extent of inconsistency with the instructions about to be given, is not approved, but in the instant case *it is held* not prejudicial.

ERVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Gwyn, J.,* at December Term, 1947, of BURKE.

Criminal prosecution on indictment charging the defendant with the murder of one David H. Francum.

The record discloses that on the night of 18 November, 1947, David H. Francum and his wife, Swamie, drove from their lunch stand in Valdese to their home in the country, a distance of about 1.8 miles, carrying with them most of the money which they had taken in during the day. When they arrived at home, they went into the house, the husband lighted the lamp and fixed the fire in the stove. He then returned to the front porch. Pretty soon his wife heard a shot. She ran out on the porch and found her husband in a slumped position. While trying to assist him, someone began hitting her over the head with a board. She slumped down behind her husband, feigning unconsciousness, and waited for their assailant to depart, which he did after taking what money the husband had in his pockets. The wife then managed to get her husband into the house. He died at 11:15. The wife remained in the house all night, being afraid to get out in the dark and rain, and when it was light she went and called for help.

The defendant, a neighbor living near-by, was arrested and charged with the killing. He confessed to the officers that he shot the deceased, hit his wife over the head with a stick, and took the money. He further stated in his confession, which was admitted without objection, that he planned to shoot the deceased in order to get his money. In time past, the defendant had been a police officer in Cincinnati, Ohio, for about three years.

On the witness stand, the defendant repudiated his confession; said that the shooting was accidental; that he went to the rescue, and that when he saw what he had done he became confused, struck Mrs. Swamie Francum over the head and took her husband's money.

Verdict: Guilty of the capital felony of murder in the first degree.

Judgment: Death by asphyxiation.
The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*O. L. Horton and Russell Berry for defendant.*

STACY, C. J.   The case presents little more than issues of fact, determinable alone by the jury.   All of the exceptions, here pressed, are directed to portions of the charge, and to the failure of the court to declare and explain the law arising upon the evidence.   G. S., 1-180.

First, the defendant contends that by using the words, "tending to show" or "tends to show," in arraying the evidence offered by the State, the court expressed an opinion on the weight of the evidence.   The same expressions were used in reciting the defendant's testimony.   These expressions have been held not to impinge the provisions of the statute nor to constitute an expression of opinion on the facts.   *S. v. Howard,* 222 N. C., 291, 22 S. E. (2d), 917; *S. v. Harris,* 213 N. C., 648, 197 S. E., 142; *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402.

Just before concluding his charge to the jury, the trial court gave a special instruction at the instance of the prosecution, prefacing the same with the following direction: "If the court has at any time given you any instruction inconsistent with the instruction which I shall presently give you, then you will disregard any such former instruction to the extent of such inconsistency and be governed by the following mandate:" (Then follows the special instruction.)

While no particular harm seems to have resulted from this preliminary statement in the instant case, it is not to be approved as a general practice.   The trial court ought not to submit his charge to the jury for elimination of inconsistencies.   It is his duty to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."   G. S., 1-180.   The chief purposes of the charge are clarification of the issues, elimination of extraneous matters, and declaration and application of the law arising upon the evidence.   *Irvin v. R. R.,* 164 N. C., 6, 80 S. E., 78; *S. v. Matthews,* 78 N. C., 523; *S. v. Dunlop,* 65 N. C., 288.   "The jury should see the issues, stripped of all redundant and confusing matters, and in as clear a light as practicable."   *S. v. Wilson,* 104 N. C., 868, 10 S. E., 315.

The record in this case is one of moving pathos.   A frugal and hard-working couple of Swiss descent or ancestry, living peaceably in their humble home, meet with a monstrous tragedy in a land dedicated to their protection and welfare.   Are there no preventives for such crimes?   *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323.   Does the deterrence theory

belong exclusively to the field of law enforcement? *S. v. Phifer,* 197 N. C., 729, 150 S. E., 352. A civilized State might well pause and ponder the matter.

The record is free from reversible error. The verdict and judgment will be upheld.

No error.

ERVIN, J., took no part in the consideration or decision of this case.