## STATE v. LARK ARDREY.

(Filed 29 November, 1950.)

**1. Assault § 14c: Criminal Law § 53g—**

Where in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, verdicts of guilt of less degrees of the crime are permissible under the evidence dependent upon the variant facts as the jury may find them to be, the failure of the court to submit the question of defendant's guilt of such less degrees is erroneous and constitutes a failure to explain the law arising upon the facts in evidence as required by G.S. 1-180.

**2. Criminal Law § 53d—**

The court is required to charge the jury as to the law upon all substantial features of the case arising upon the evidence, and this without special request. G.S. 1-180.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* July Term, 1950, of MECKLENBURG.

Criminal prosecution on indictment charging the defendant with assaults on Bill Baucom and E. T. Baucom with a deadly weapon, with intent to kill, inflicting serious injury, not resulting in death.

By consent, the two indictments were heard together and tried as different counts in the same bill, as they both arose out of the same state of facts. At an early morning hour on 3 June, 1950, the two Baucom brothers, Wm. F. and E. T. Jr. (the Jr. not used in indictment) were riding in an automobile on North McDowell Street, Charlotte, when the defendant, Lark Ardrey, traveling in the same direction, passed them in his automobile, immediately applied his brakes and skidded his car sideways in front of the Baucom car. The Baucom car then passed the Ardrey car with some difficulty and was later run into from the rear by the Ardrey car. From this point the Ardrey car seems to have led a chase across town, about 17 blocks, with the Baucom car in pursuit. The two cars came to a halt at First and Davidson Streets. The occu-

pants alighted and a fight ensued. The defendant using a knife, inflicted serious injuries on both the Baucoms, requiring six days hospitalization.

The defendant testified that he fought only in self-defense.

Verdict: Guilty as charged.

Judgment: Imprisonment in State's Prison for a term of not less than two nor more than four years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*Brock Barkley for defendant.*

STACY, C. J. In a charge covering fourteen pages of the record, the court nowhere tells the jury what verdicts are permissible under the evidence depending upon the variant facts as they may find them to be. Nor is there any suggestion of the lesser degrees of the crime charged, except that of an assault with a deadly weapon. Indeed, in respect of the permissible verdicts, only the contentions of the parties are given, ending with the following paragraphs, which fairly epitomize the whole charge:

"The State insists and contends that you should convict the defendant, in each case, of assault with a deadly weapon, with intent to kill, inflicting serious injury not resulting in death—or if you do not find him guilty of that offense, then, in any event, the State insists and contends, you should find him guilty of assault with a deadly weapon, in each case.

"The defendant insists and contends that your verdict should be not guilty, as to the charges in both cases—first, that your verdict should be not guilty of assault with a deadly weapon, with intent to kill, inflicting serious injury not resulting in death, and also not guilty of assault with a deadly weapon.

"It is a question of fact for you; give to the State and the defendant a fair and impartial trial, and let your verdict be a fair determination between the State and the defendant, upon the charges contained in the Bill of Indictment."

Not only was there no reference to the lesser degrees of the principal crime, save one, *S. v. Burnette,* 213 N.C. 153, 195 S.E. 356; *S. v. High,* 215 N.C. 244, 1 S.E. 2d 563; *S. v. Bentley,* 223 N.C. 563, 27 S.E. 2d 738, but the charge also fails to explain the law arising upon the facts in evidence as required by G.S. 1-180; *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921; *S. v. Fain,* 229 N.C. 644, 50 S.E. 2d 904; *S. v. Jackson,* 228 N.C. 656, 46 S.E. 2d 858; *S. v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751; *Williams v. Coach Co.,* 197 N.C. 12, 147 S.E. 435; *Wilson v. Wilson,* 190 N.C. 819, 130 S.E. 834; *Nichols v. Fibre Co.,* 190 N.C. 1, 128 S.E. 471;

*Bowen v. Schnibben,* 184 N.C. 248, 114 S.E. 170. In *S. v. Friddle, supra, Barnhill, J.,* says: "The chief object contemplated in the charge is to explain the law of the case, to point out the essentials to be proved on the one side and on the other, and to bring into view the relation of the particular evidence adduced to the particular issue involved."

It is provided by G.S. 1-180, rewritten, Chap. 107, S.L. 1949, that in jury trials, the judge "shall declare and explain the law arising on the evidence given in the case," and this without expressing any opinion upon the facts. *Thompson v. Angel,* 214 N.C. 3, 197 S.E. 618; *S. v. Jackson, supra; S. v. Merrick,* 171 N.C. 788, 88 S.E. 501. In interpreting this statute the authoritative decisions are to the effect that it "confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case"; and further, that the requirements of the statute "are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness, upon the issues made by the evidence." *Williams v. Coach Co.,* 197 N.C. 12, 147 S.E. 435; *S. v. Groves,* 121 N.C. 563, 28 S.E. 262. "The statement of the general principles of law, without an application to the specific facts involved in the issue, is not a compliance with the provisions of the statute." *Nichols v. Fibre Co., supra.*

The purport of the decisions may be gleaned from the following excerpts: "The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial. This is true even though there is no request for special instruction to that effect." *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630. "On the substantive features of the case arising on the evidence, the judge is required to give correct charge concerning it." *School District v. Alamance County,* 211 N.C. 213, 189 S.E. 873. "A judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instructions to that effect." *S. v. Merrick, supra.* "When the evidence is susceptible of several interpretations a failure to give instructions which declare and explain the law in its application to the several phases of the evidence is held for reversible error." *Williams v. Coach Co., supra.*

There are other exceptions appearing on the record worthy of consideration, however as they are not likely to occur on the further hearing, we pretermit them now.

The defendant is entitled to another jury. It is so ordered.

New trial.

JOHNSON, J., took no part in the consideration or decision of this case.