CONSTANCE L. HOWARD v. A. S. CARMAN.

M. L. HOWARD v. A. S. CARMAN.

(Filed 19 March, 1952.)

**1. Trial § 31b—**

It is prejudicial error for the trial court to fail to charge the law on substantive features of the case arising on the evidence, even in the absence of a request for instructions, G.S. 1-180, and the requirements of the statute are not met by a mere statement of the contentions of the parties.

**2. Automobiles §§ 8i, 18i—**

In an action involving a collision at an intersection upon conflicting evidence of the parties as to which vehicle was first in the intersection, it is error for the court to fail to explain the law as to the rights of the parties upon defendant's evidence that he was first in the intersection, even though plaintiff's car approached from defendant's right.

**3. Same—**

Where plaintiff's evidence is to the effect that he was driving his car at a speed of about ten miles per hour and could have stopped in about two feet, and that plaintiff, as he was entering the intersection, saw defendant's car some twenty-five yards away approaching the intersection from plaintiff's left at a rapid speed, but that plaintiff did not stop, *is held* to require the court to charge the jury as to the law of contributory negligence arising on the evidence, and a mere statement of the contentions of the parties is insufficient.

APPEAL by defendant from *Clement, J.,* May Term, 1951, MOORE.

These are civil actions to recover personal injury and property damages arising out of an automobile collision and were without objection consolidated for trial.

The collision occurred about 7:30 p.m. on 25 June, 1948, in the intersection of Ashe Street and Massachusetts Avenue in the town of Southern Pines. Ashe Street runs in general north-south direction. Massachusetts Avenue runs in general east-west direction. Both the street and the avenue are approximately thirty feet in width and at the intersection there was no traffic light or sign to indicate the priority of either street. The automobile, owned by the *feme* plaintiff and operated with her permission by her husband, M. L. Howard, was traveling in a northerly direction along Ashe Street. The defendant was driving his automobile in an easterly direction along Massachusetts Avenue.

Upon the trial in the Superior Court, the plaintiff's testimony was substantially as follows: "I got to the intersection and I slowed down . . . I looked that way and I saw him coming, he was possibly about 50 yards from me. I slowed down because I could see around here . . . Mr. Carman was approaching me on my left . . . I got there first . . . I was two-thirds across when he hit me . . . Mr. Carman did not slow down any at all . . . In my opinion, he was going at least 40 miles per hour. I slowed down and wasn't going over 10 miles per hour when I went across the intersection . . . It . . . was just about dusk . . . I was familiar with the intersection. I had been over it many times . . . I did not have my lights on at that time. Mr. Carman did not have his lights on. I was proceeding along Ashe Street in a northern direction and I could see Mr. Carman's car coming along Massachusetts Avenue in an eastern direction . . . Mr. Carman was about approximately 25 yards, I'd say, or something like that, when I first saw him—25 yards back up Massachusetts Avenue . . . west of where I was. I was coming up in the intersection. I mean I was just entering the intersection . . . when I saw him up there. He was 25 yards away . . . when I came into the intersection I was almost completely stopped. . . . When I got over into Massachusetts Avenue, I could see he was coming on, and continuing to come on. I was the nearest one in the intersection. I was on the right hand . . . His speed was increasing as he was coming . . . I saw the man coming at 40 miles per hour right where I was crossing. Driving my car at 10 miles per hour I could have stopped it in 2 feet, approximately 2 feet, and yet when I saw that car coming 25 yards from me, coming on directly, and right in front of me, I did not stop."

The defendant testified by deposition, without objection, the pertinent parts of which are as follows: "As I approached the intersection . . . on this occasion, I know I was not exceeding 25 miles an hour . . . It was twilight and the lights on my car were on. I was driving . . . approximately six feet from the right-hand curb of the street . . . The collision occurred at the intersection . . . in the center of the street,— although his car was slightly beyond the center of the intersection . . . As I approached Ashe Street, on the corner to my right, there was a house . . . There was also an obstruction in the way of a very tall spruce tree . . . that obstructs the view of the street . . . Except for the obstruction of the tree at the corner, I had a clear vision of the road ahead. I wouldn't have a clear view of Ashe Street until a distance of approximately 10 to 20 feet from the corner . . . I couldn't estimate how fast the plaintiff's car was traveling . . . other than I didn't see him as he approached the corner and he shot out in front of me and that caused the collision; so, I must judge that he was traveling at a high rate of speed . . . I had gone into the intersection . . . approximately 12 feet inside the inter-

section, before the plaintiff's car crossed in front of me . . . The plaintiff's car did not slow up and did not give any signal at any time."

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiffs. From the judgment entered, defendant appealed, assigning errors.

*H. F. Seawell, Jr., for plaintiffs, appellees.*
*Spence & Boyette for defendant, appellant.*

VALENTINE, J.    The only exceptions appearing in the record requiring express consideration are those based on these exceptions:

(1) Assignment No. 11: "The court, after making the statement to the jury . . . regarding certain principles of law applicable to the trial of the cause, directed the jury to answer the first issue in the manner the jury might find the facts to be without explaining and directing the jury as to the law applicable to the evidence elicited upon the trial of the cause; and failed to explain to the jury and give instructions as to the rights of defendant if the jury should find from the evidence, for instance, that the defendant had reached and entered the intersection . . . before plaintiff M. L. Howard had reached it, and failed to direct the jury as to the rights of the defendant and the liability of the plaintiff in other material aspects of the evidence introduced on the trial of the cause."

(2) Assignment No. 12: "In the charge of the court upon the second issue, the court simply called attention to some of the contentions of the parties and directed the jury to answer the issue as they might find the facts to be without any attempt to apply the law to the evidence before the court and the jury applicable to this issue."    The second issue relates to contributory negligence, alleged against plaintiff M. L. Howard in his case.

It is provided in G.S. 1-180, as amended by Chapter 107 of 1949 Session Laws, that in jury trials the judge "shall declare and explain the law arising on the evidence given in the case."    And the decisions of this Court are uniform in holding that the failure of the presiding judge to declare and explain the law arising upon the evidence is and will be held for error.    See *Ryals v. Contracting Co.,* 219 N.C. 479, 14 S.E. 2d 531, and cases cited.    See also, among many later cases to like effect, *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53.    It is there stated that "in interpreting this statute the authoritative decisions are to the effect that it 'confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case;' and, further, that the requirements of the statute 'are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness upon the issues made by the evidence,' " citing *Williams v. Coach*

*Co.,* 197 N.C. 12, 147 S.E. 435; *S. v. Groves,* 121 N.C. 563, 28 S.E. 262; *Nichols v. Fibre Co.,* 190 N.C. 1, 128 S.E. 471.

It is also held that the failure of the court to instruct the jury on substantial features of the case arising on the evidence is prejudicial, and this is true even though there be no request for special instruction to that effect. See *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630; *S. v. Ardrey, supra,* and numerous other cases.

In the light of the provision of the statute as so interpreted by this Court, and the evidence offered by the respective parties being in sharp conflict, it became the duty of the trial judge to declare and explain the law arising upon the evidence in the case, as the jury should find the facts to be.

The evidence is susceptible of an inference that the defendant entered the intersection before the plaintiff, M. L. Howard, did, and hence, defendant is entitled to have the trial judge declare and explain the principles of law applicable to rights of parties at an intersection. See *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532, where in opinion by *Ervin, J.,* such principles are set forth. It does not appear that the court so charged the jury.

Likewise, it appears that assignment of error No. 12 is well taken. The testimony of M. L. Howard, if found to be true, is susceptible of the inference that, after seeing the automobile of defendant, he failed to exercise reasonable care to avoid a collision. This is a question for the jury under proper instructions from the court.

The questions presented by the other exceptions may not arise at the next trial and for that reason will not be discussed here.

The failure of his Honor to properly charge the jury as above indicated constitutes reversible error and entitles the defendant to a new trial, and it is so ordered.

New trial.