STATE v. THOMAS DAVIS AND BILLY CATHEY.

(Filed 30 June, 1955.)

**1. Robbery § 3—**

An indictment for robbery with firearms will support a conviction of a lesser offense, such as common law robbery, assault with a deadly weapon, larceny from the person, simple larceny or simple assault, if a verdict for the included or lesser offense is supported by the evidence on the trial. G.S. 15-169, G.S. 15-170.

**2. Same: Criminal Law § 53g—Evidence held to require submission of question of defendants' guilt of lesser degrees of crime charged.**

In this prosecution for robbery with firearms, defendants' evidence tended to show that whatever money they took from the prosecuting witness was not taken with use or threatened use of firearms, and further, was taken with the assent of the prosecuting witness for the purpose of buying whiskey, and all the evidence tended to show that thereafter defendants and the prosecuting witness spent the night at a certain house and that they were all drinking whiskey there, the only conflict of evidence in this respect being as to whether the parties arrived at the house at the same time. *Held:* Defendants' exception to the failure of the court to instruct the jury with respect to lesser degrees of the crime charged is sustained.

**3. Criminal Law § 81c (5)—**

Error in failing to submit to the jury the question of defendants' guilt of lesser degrees of the crime charged is not cured by a verdict of guilty as charged.

APPEAL by defendants from *Phillips, J.,* January Term, 1955, of GUILFORD (Greensboro Division).

This is a criminal action tried upon a bill of indictment charging that the defendants Thomas Davis and Billy Cathey, with the use and threatened use of certain firearms, to-wit: a pistol, did unlawfully take from the person of Fred Fuller the sum of $18.00.

The evidence for the State tends to show that on the evening of 24 December, 1954, the prosecuting witnesses Fred Fuller and Clarence Cousins met in the eastern section of Greensboro and went to the Southside Cafe; that it was about 11:30. Fred Fuller left Clarence Cousins at the cafe and walked toward the corner of Bennett and Gorrell Streets. The defendant Thomas Davis approached Fred Fuller with a gun and ordered him back down the street where Davis and Fuller met Clarence Cousins and Billy Cathey; that Cathey had a knife and while Davis pointed the pistol at Fuller, the defendant Cathey searched Fuller's clothing and took approximately $18.00 from him. That the defendants also took $8.00 from Cousins. That while detaining the prosecuting witnesses, Fuller was knocked down and cut on the hand by a knife held by Cathey; that when Cathey and Davis

were arrested several days later they admitted they were the individuals who stopped the prosecuting witnesses on the night of 24 December, and that they were the ones who took the money from the prosecuting witnesses.

The defendants' evidence tends to show that they were at the Southside Cafe on the night of the alleged incident; that the State's witnesses Fuller and Cousins were also present; that during a disturbance an entertainer at the cafe gave a pistol to Cathey, who in turn gave it to Davis. That Fred Fuller was drinking and looked "like he was about knocked out." Cathey and Davis made inquiry of Cousins if he had a gun for sale, stating that they wanted to buy one. Cousins told them that Fred Fuller had one. Fred left, and Cousins said, "Let's go, Fred has left." That Davis, Cathey and Cousins started down Bennett Street to catch up with Fred Fuller. That Clarence Cousins was calling him and when they got up with Fuller that "Clarence started searching him. . . . He patted him down, got his wallet out, looked in it, said he's got $6.00. So Clarence said, 'Let's get a pint of whiskey.' Fred said, 'O. K., give me a dollar back.' " Then all of them went and purchased the whiskey, went to the home of Beatrice Ivey on Tuscaloosa Street and drank it together and spent the night together.

The defendants denied that they told the police officers that they were the ones who robbed Fuller and Cousins. They admitted that Davis had a pistol in the pocket of his coat but denied that it was displayed or used in any manner at the time of the alleged incident.

The evidence of the State and of the defendants tends to show that the prosecuting witnesses and the defendants did spend the night at the home of Beatrice Ivey, and that they were drinking whiskey at her home. The only conflict of evidence in this respect is as to the time the parties arrived at the Ivey house. Beatrice Ivey testified that Billy Cathey and Thomas Davis came to her house that night and that Fred Fuller and Clarence Cousins came approximately one-half hour later.

The jury returned for its verdict, guilty as charged and recommended the mercy of the court.

From the judgment imposed, the defendants appeal, assigning error.

*Attorney General McMullan and Asst. Attorney General Moody, for the State.*

*Elreta Melton Alexander, for the appellants.*

DENNY, J. The defendants' assignment of error No. 42 is based on their exception to the failure of the court to charge the jury with

respect to the lesser degrees of the crime charged. It is provided in G.S. 15-169 as follows: "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding . . . ."

It is further provided in G.S. 15-170 that, "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." S. v. DeGraffenreid, 223 N.C. 461, 27 S.E. 2d 130; S. v. Burnette, 213 N.C. 153, 195 S.E. 356; S. v. Robinson, 188 N.C. 784, 125 S.E. 617.

An indictment for robbery with firearms will support a conviction of a lesser offense such as common law robbery, assault with a deadly weapon, larceny from the person, simple larceny or simple assault, if a verdict for the included or lesser offense is supported by the evidence on the trial. S. v. Bell, 228 N.C. 659, 46 S.E. 2d 834; S. v. Holt, 192 N.C. 490, 135 S.E. 324.

The evidence adduced in the trial below was in such sharp conflict as to what happened at the time of the alleged robbery with respect to the use of firearms and otherwise, that the defendants were entitled to have the trial judge instruct the jury with respect to the lesser degrees of the crime charged. S. v. Hicks, 241 N.C. 156, 84 S.E. 2d 545; S. v. Holt, supra; S. v. Efird, 186 N.C. 482, 119 S.E. 881; S. v. Williams, 185 N.C. 685, 116 S.E. 736; S. v. Merrick, 171 N.C. 788, 88 S.E. 501; S. v. Nash, 109 N.C. 824, 13 S.E. 874. If the jury should believe the evidence of the defendants, then whatever money Clarence Cousins took from Fred Fuller was not taken with the use or threatened use of firearms. Moreover, the fact that the defendants were found guilty as charged did not cure the error of the court in failing to submit to the jury the question of the defendants' guilt of less degrees of the crime charged. S. v. McNeill, 229 N.C. 377, 49 S.E. 2d 733.

The defendants have 48 additional assignments of error, several of which are not without merit. Even so, the errors complained of may not occur upon another trial and no useful purpose would be served by considering them on this appeal.

The defendants are entitled to a new trial, and it is so ordered.

New Trial.