REYNOLDS BROS. *v.* IRVING POOL.

*Agricultural Partnership.*

1. An agricultural agreement between two persons, one to furnish the outfit and the land, and the other to hire the laborers and superintend the farm during the year, the former to provide money to carry on the business half of which to be repaid him and the profits to be divided between them, creates the relation of partners.

2. Where the land owner in such case executed an agricultural lien to R for advancements to carry on the common business, a partnership debt was thereby created and the property in the crop vested in R to secure its payment.

(*Holt* v. *Kernodle,* 1 Ired., 199; *Lewis* v. *Wilkins,* Phil. Eq., 303, cited and approved.)

CIVIL ACTION of claim and delivery tried at Spring Term, 1880, of WAKE Superior Court, before *Gudger, J.*

The plaintiffs claim the cotton in question by virtue of a mortgage giving a lien upon the crop raised on the land described in the pleadings. The facts are as follows:

James G. McPheeters, the owner of the land, was indebted to F. A. Belvin on the 31st of December, 1877, in the sum of one thousand dollars. In 1878, A. M. McPheeters, agent of James G., entered into a contract with Belvin, the evidence in regard to the terms of which is set out in the opinion of this court. The said mortgage lien was executed by McPheeters to the plaintiffs, and Belvin raised the crop and sold thirteen bales thereof to the defendant with the alleged consent of McPheeters. The defendant testified that he had no knowledge of the existence of the lien until some time after he had bought the cotton.

The plaintiffs asked the court to charge that taking all the evidence most favorably for defendant, McPheeters and Belvin were partners; which was refused. Verdict for defendant, judgment, appeal by plaintiffs.

*Mr. D. G. Fowle,* for plaintiffs.
*Messrs. T. M. Argo* and *W. H. Pace,* for defendant.

SMITH, C. J. The plaintiffs were entitled to have the instruction asked given to the jury, that, taking all the evidence most favorably for the defendant, McPheeters and Belvin were partners in the cultivation of the farm during the year in which the cotton in dispute was raised. The agreement entered into is thus described by Belvin : " On the first Monday in February, 1878, I agreed with McPheeters (acting for the owner of the land) to farm for the year 1878 on these terms : He was to furnish the outfit and the land ; I was to hire hands and superintend the making of the crop ; he was to provide money to pay the hands and carry on the business ; for one-half of which, as well as for the like proportion of the hire and costs of feeding the mules and

horse, he was to be repaid by having the amount applied in reduction of his indebtedness to me previously incurred, and we were to divide the profits." The testimony of the agent differs mainly in that he confines the moiety of the expenses to be credited on the indebtedness to the hire and feeding of the mules and horse, and both agree that operations were to be conducted at their joint and equal expense, and the net proceeds to be equally divided between them. The concurring statement of both creates the relation of partners between them, and so the jury should have been instructed. We deem it necessary to recur to but two adjudications in this court in support of the proposition.

In *Holt* v. *Kernoldle*, 1 Ired., 199, a contract was entered into between the proprietors of a blacksmith shop and one who followed that calling, whereby the former were to furnish the shop and everything needful in carrying on the business and a house and provisions for the blacksmith and his family; and after reimbursement of all these advancements for the conduct of the business, the payment for provisions supplied and for rent of the house *out of the profits*, the residue was to be equally divided between them. This was held to constitute a co-partnership, and RUFFIN, C. J., delivering the opinion, says: " The ordinary test, however, of a person being a partner, is his participation in the profits of the business; and we believe there can be no instance in which there is to be a participation in them, *as profits*, in which every person having a right to share in them, is not thereby rendered a partner to all intents and purposes. It is so between the parties themselves, because the one of them does not look to the other personally for restoring to him his capital or remunerating him for his labor, but *each looks to the assets or joint fund for these purposes, and ascertains his interest by taking an account of the concern.*" Not less pertinent and decisive is the case of *Lewis* v. *Wilkins*, Phil. Eq., 303. There, the agreement was

that the owner should furnish the farm for two years with the stock thereon, and the mules, farming implements and provisions; the other party to supply the necessary labor, and to give his personal attention to the business, and the two were *to share equally in the products of the farm.* This was declared to establish a co-partnership. The facts of the case before us clearly bring it within the operation of the principle enunciated in those cited, since the expenses were to be paid and the residue of the farm products then divided *as profits* between the parties. The special arrangement for the advancement of the needed funds by one and the payment of the ratable share thereof by the other out of a pre-existing indebtedness, can in no manner affect their relation as co-partners in their transactions with others, or impair the just claims of creditors of the co-partnership. The funds supplied by the plaintiffs for the purpose of carrying on the common business—all of it thus used, according to the testimony of one, and a part only, according to the testimony of the other, are a sufficient consideration for the creation of a partnership debt; and the instrument forming an agricultural lien vests the property in the crop in the plaintiffs for its security and payment.

There is error in the refusal of the court to give the required instruction, and there must be a new trial, and it is so ordered.

Error. *Venire de novo.*