### STATE v. JAMES SPRUILL.

(Filed 6 June, 1945.)

**1. Assault and Battery § 12b: Trespass § 12—**

　　The right of a person to defend his home from attack is a substantive right, as is the right to evict a trespasser from his home.

**2. Assault and Battery §§ 12b, 13: Trespass § 12—**

　　When, in the trial of a criminal action charging an assault or kindred crime, there is evidence from which it may be inferred that the force used by defendant was in defense of his home, he is entitled to have the evidence considered in the light of applicable principles of law. In such event, it becomes the duty of the court to declare and explain the law arising thereon, G. S., 1-180, and failure to so instruct the jury on such substantive feature is prejudicial error. And the same rule applies to the right to evict trespassers from one's home.

APPEAL by defendant from *Thompson, J.,* at January Term, 1945, of WAYNE.

Criminal prosecution upon a bill of indictment charging that defendant, "with force and arms . . . unlawfully, willfully and feloniously" assaulted "Ernest Tice with a deadly weapon, to wit, a pistol, inflicting serious injury not resulting in death, with intent to kill said Ernest Tice, etc."

In the trial court defendant pleaded not guilty and, as shown by the record, based his defense upon his legal right (1) to defend himself against a murderous assault made upon him by Ernest Tice and (2) to defend, and to evict trespassers from his home.

In the light of defendant's pleas, the evidence tends to show that Ernest Tice, accompanied by a woman, went to the home of defendant "just about the edge of dark on the night" of Saturday, 29 July; that Ernest Tice bought and drank half a pint of corn whiskey; that several others, men and women, were there, "cutting up and picking the guitar"; that defendant asked the guitar picker to go out of the house and "maybe the crowd would leave"; that the request was heeded, and Ernest Tice and two women went out and got in his automobile, after which defendant fastened the screen door; that then, while defendant and two others, a man and a woman, were in the house, talking about the woman leaving, Ernest Tice and one of the women who had gone out with him, came back to the door of the house, and defendant said, "Don't open the door"; that thereupon Ernest Tice "broke the staple on the door," and defendant forbade him to come in and he stopped, but the woman entered, and defendant "shot the door back, and Ernest ran against the door and came on in anyhow"; that he had a knife and made for defendant, who first shot at the door facing, and then as Ernest didn't stop, he shot him in the neck; and that "the screen on the outside was pulled open or torn off from the top hinge and inside the door the latch had been bursted off."

Verdict: Guilty as charged in the bill of indictment.

Judgment: Imprisonment in county jail for three years to be assigned to work upon the public roads under supervision of State Highway and Public Works Commission.

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*N. W. Outlaw for defendant, appellant.*

WINBORNE, J. Defendant complains, and rightly so, that while the law arising upon the evidence given in the case in so far as it relates to his plea of self-defense was declared and explained in the charge to the jury, as it should have been, the court failed to declare and explain the law arising upon the evidence given in the case as it relates to defendant's legal right to defend his home from attack, and to evict trespassers therefrom.

The right of a person to defend his home from attack is a substantive right, as is the right to evict trespassers from his home. These principles of law have been discussed in numerous decisions of this Court,

among which are these: *S. v. Crook,* 133 N. C., 672, 45 S. E., 564; *S. v. Scott,* 142 N. C., 582, 55 S. E., 69; *S. v. Gray,* 162 N. C., 608, 77 S. E., 833, 45 L. R. A. (N. S.), 71; *Curlee v. Scales,* 200 N. C., 612, 158 S. E., 89; see also *S. v. Bryson,* 200 N. C., 50, 156 S. E., 143; *S. v. Marshall,* 208 N. C., 127, 179 S. E., 427; *S. v. Reynolds,* 212 N. C., 37, 192 S. E., 871; *S. v. Roddey,* 219 N. C., 532, 14 S. E. (2d), 526; *S. v. Anderson,* 222 N. C., 148, 22 S. E. (2d), 271; *S. v. Baker,* 222 N. C., 428, 23 S. E. (2d), 340; *S. v. Ellerbe,* 223 N. C., 770, 28 S. E. (2d), 519; *S. v. Pennell,* 224 N. C., 622, 31 S. E. (2d), 857.

Hence, when in the trial of a criminal action charging an assault, or other kindred crime, there is evidence from which it may be inferred as in this case that the force used by defendant was in defending his home from attack by another, he is entitled to have evidence considered in the light of applicable principles of law. In such event, and to that end, it becomes the duty of the court to declare and explain the law arising thereon, G. S., 1-180, formerly C. S., 564, and failure of the court to so instruct the jury on such substantive feature, as in this case, is prejudicial. This is true even though there be no special prayer for instruction to that effect. See *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501; *S. v. Bost,* 189 N. C., 639, 127 S. E., 689; *S. v. Thornton,* 211 N. C., 413, 190 S. E., 758; *School District v. Alamance County,* 211 N. C., 213, 189 S. E., 873; *S. v. Robinson,* 213 N. C., 273, 195 S. E., 824; *S. v. Bryant,* 213 N. C., 752, 197 S. E., 530; *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630; *Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889; *Ryals v. Contracting Co.,* 219 N. C., 479, 14 S. E. (2d), 531; *Smith v. Kappas,* 219 N. C., 850, 15 S. E. (2d), 375.

And the same rule applies in respect of the right to evict trespassers from one's home.

Hence, let there be a

New trial.