STATE v. ALPHONSO HERBIN.

(Filed 9 June, 1950.)

**1. Homicide § 27f—Charge held erroneous in failing to apply law of self-defense to defendant's evidence.**

Defendant's evidence was to the effect that there was a disturbance in his place of business, during which a shot was fired, and that he approached the scene of the disturbance armed with a pistol to restore order. *Held:* A correct abstract instruction as to the law of self-defense, followed by an instruction that if defendant pointed his pistol at deceased, he would have made the first assault and would have had to withdraw from the difficulty with notice to his adversary before he could kill in self-defense, must be held for error in failing to apply the law to defendant's evidence and in making the right of self-defense upon the evidence to depend solely upon whether defendant first pointed his pistol at deceased.

**2. Criminal Law § 53d—**

It is insufficient for the court to merely state the contentions of a party without declaring and explaining the law applicable to his version of the occurrence as supported by his evidence. G.S. 1-180.

APPEAL by defendant from *Phillips, J.,* at November Term, 1949, of GUILFORD (Greensboro Division).

Criminal prosecution tried upon indictment charging the defendant with the murder of one James Arthur Dawkins.

When the case was called for trial, the Solicitor for the State announced he would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or manslaughter.

The evidence discloses that at the time of the shooting the defendant operated two places of business next door to each other, on the Freeman Mill Road, South of Greensboro. One of these places was operated as a supper club and the other was used as his home and as a dance hall. The defendant, his housekeeper and three children lived in the home. The room used as a dance hall had been used for the operation of the supper club prior to the construction of the new building which was completed in December, 1948.

According to the State's evidence, the deceased James A. Dawkins, along with Lucille Goss, Carrie Goss, Maureen Gibson, June Simmons and George McCoy, went to the dance hall for an evening of entertainment on 27 February, 1949. Just before going into the dance hall, the deceased gave Lucille Goss his automatic pistol for safekeeping. She placed it in the bosom of her dress. The party ordered some whiskey, drank it and danced a while. There were some 25 or 30 people in the dance hall. Lucille Goss left the hall for a short time and when she returned, the deceased was talking to a girl who did not belong to their

party. Lucille Goss pulled the pistol from her bosom and pointed it towards the deceased, and George McCoy, thinking she was going to shoot, said "Don't do that" and snatched the pistol out of her hand, and it fired in the floor. The pistol was then delivered to the deceased at his request.

The evidence further discloses that someone notified the defendant of the disturbance and he got his pistol, a .32 calibre, and went over from the supper club to the dance hall. The evidence is in sharp conflict as to what happened after the defendant entered the dance hall. The State's evidence tends to show the defendant entered the hall with his pistol drawn and pointed it at the deceased; that he then disarmed the deceased and as he backed away with a gun in each hand, McCoy grabbed the defendant's right hand and pushed it up and the gun was discharged into the ceiling; that McCoy then released the defendant, leaving only the deceased with the defendant, when another shot was fired which killed Dawkins.

On the other hand, the defendant testified that he entered the hall with his pistol in his left hand; that he looked around and saw James Dawkins with a pistol; that he said "Put that gun away, you might hurt somebody." Dawkins then pointed the gun directly at him and asked him what he had to do with it. He was so close to him that he grabbed the gun. McCoy and Dawkins tried to take Dawkins' gun away from the defendant. They scuffled back through a little hall, which is three by four feet, into the back porch, which is closed in. The back porch is six by seven feet. They continued to scuffle across that and into the kitchen, which is eight by twelve feet. They scuffled through the kitchen and about halfway through the dining room, when the gun went off and Dawkins was killed; that all three of them had their hands on the gun when it went off.

According to the testimony of the arresting officer, it was 25 or 30 feet from the dance hall to where Dawkins was killed. Dawkins was killed by a bullet from his own gun.

From a verdict of murder in the second degree and judgment entered pursuant thereto, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*P. W. Glidewell, Sr., and Worth Henderson for defendant.*

DENNY, J. The sole exception brought forward and argued as required by Rule 28 of the Rules of Practice in the Supreme Court, 221 N.C. 562, is the exception to the following portion of his Honor's charge: "Now the court charges you if you find from the evidence in this case

that the defendant did point this pistol at James Dawkins, that he then made the first assault because that would be an assault with a deadly weapon within the meaning of the law."

The court had previously charged the jury correctly on the law of self-defense as it applies to one who is in a place where he has a right to be, in his home or in his place of business. The jury was then instructed that if the defendant brought on the difficulty, "before he could claim that he was fighting in self-defense and be justified in that, he would have to withdraw from the difficulty and let his adversary know he had withdrawn from the difficulty before he could kill in self-defense." As a general proposition of law, this instruction is correct. *S. v. Bryson,* 200 N.C. 50, 156 S.E. 143. But the instruction which followed, and of which the defendant complains, eliminated, for all practical purposes, any consideration by the jury of the evidence upon which the defendant relied in support of his plea of self-defense, and left the jury to determine only the question as to whether or not the defendant pointed a pistol at the deceased. The court did not apply the law as to the legal rights of the defendant while in his home and place of business to defendant's evidence if the jury should find his version of what took place was true. *S. v. Pennell,* 224 N.C. 622, 31 S.E. 2d 857; *S. v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271; *S. v. Roddey,* 219 N.C. 532, 14 S.E. 2d 526; *S. v. Glenn,* 198 N.C. 79, 150 S.E. 663; 26 Am. Jur., 264. His contentions were given and the law on the right of self-defense adequately and correctly stated as an abstract proposition. But the court did not explain the law arising upon the evidence in the case, bearing on the defendant's plea of self-defense, except in the manner referred to herein. G.S. 1-180; *Lewis v. Watson,* 229 N.C. 20, 74 S.E. 2d 484; *S. v. Spruill,* 225 N.C. 356, 34 S.E. 2d 142; *S. v. Baker,* 222 N.C. 428, 23 S.E. 2d 340; *S. v. Roddey, supra.*

It is error simply to state the contentions of a party and not declare and explain the law applicable to the facts which the jury may find from the evidence offered in support of such contentions. *Lewis v. Watson, supra; Nichols v. Fibre Co.,* 190 N.C. 1, 128 S.E. 471.

We think the exception is well taken and that the defendant is entitled to a more adequate charge in this respect.

For the reason stated, there must be a

New trial.