DAVID W. DIXON v. TESSIE WILEY.

(Filed 13 April, 1955.)

**Automobiles § 18i: Negligence § 20: Trial § 31b—**

> A charge on the issue of contributory negligence which merely gives the respective contentions of the parties that each was first in the intersection, and that each was not guilty of negligence, without defining contributory negligence and without explaining the law applicable to the facts in evidence, must be held for reversible error. G.S. 1-180.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Grady, Emergency Judge,* November Term, 1954, of LENOIR.

This is an action to recover damages for personal injuries sustained by the plaintiff in a collision between a passenger bus operated by him, and a dump truck operated by the defendant, which collision the plaintiff alleges was the result of negligence on the part of the defendant.

On 31 May, 1948, the plaintiff was driving a Seashore Transportation Company passenger bus. He had left the bus station in Kinston about 1:45 p.m. on the above date, en route to New Bern. His route out of Kinston carried him westwardly on King Street which intersects with Independent Street. At the same time, the defendant, driving a dump truck owned by the City of Kinston, was proceeding northwardly along Independent Street and approaching its intersection with King Street. The width of the paved portion of King Street is 50.2 feet, and the width of the paved portion of Independent Street is 35 feet. The evidence is conflicting as to which vehicle first entered the intersection. Issues were submitted to the jury and answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant Tessie Wiley, as alleged in the Complaint? Answer: Yes.

"2. Did the plaintiff by his own negligence contribute to his injuries, as alleged in the Answer? Answer: Yes.

"3. What amount, if any, is the plaintiff entitled to recover? Answer: ................."

Judgment was entered on the verdict and the plaintiff appeals, assigning error.

*White & Aycock and Teague & Johnson for plaintiff, appellant.*
*Sutton & Greene for defendant, appellee.*

DENNY, J. The plaintiff excepts to and assigns as error the entire portion of his Honor's charge relating to the second issue, which is as follows:

"The burden of that issue, gentlemen, is upon the defendant. He contends, gentlemen, in the first instance, that he was not guilty of any act of negligence at all, but he says further that if you find that he was, that is, that if you should answer the first issue YES, that you should proceed further and find from this evidence that the plaintiff, himself, was guilty of negligence in the manner in which he operated the bus at the time and the manner in which he entered the intersection. The burden of that issue is upon him. He denies in the first instance that the other man had entered the intersection first. He contends that he had entered it first, and that wrongful conduct of the plaintiff was at least one of the proximate causes of the collision between the two cars, and he contends that you, therefore, ought to answer this second issue YES.

"On the other hand, the plaintiff contends that you ought to answer it No. His argument upon that, gentlemen, is substantially the same as it would be upon the first issue. In other words, he says he is not guilty of anything at all; that he was driving along as he had a right to do, on the right-hand side of the street, that he had entered the intersection first, which was no violation of the law, which he had a right to do and that the other man's conduct was the sole cause of the collision between the two cars, so he is asking you to answer the second issue No."

The plaintiff contends that the foregoing instruction does not constitute an adequate charge on contributory negligence, and we agree. In essence, it is a statement of the contentions of the parties with respect thereto and not a declaration and explanation of the law arising on the applicable evidence as contemplated by G.S. 1-180. In fact, an examination of the entire charge reveals that the court did not define negligence or contributory negligence anywhere therein. *Mikeal v. Pendleton,* 237 N.C. 690, 75 S.E. 2d 756.

In the case of *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484, in considering a charge with respect to certain omissions, *Ervin, J.,* in speaking for the Court, said: "The vice of this excerpt and of the charge as a whole . . . lies in the inadvertent omission of the court to call the attention of the twelve jurors unfamiliar with legal standards to what was necessary to guide them to a right decision on the issue. The charge gave no explanation as to what constitutes careless and reckless driving in the eyes of the law, or as to when a motorist is keeping a proper lookout in legal contemplation."

Moreover, it is error simply to state the contentions of a party and not declare and explain the law applicable to the facts which the jury might find from the evidence offered in support of such contentions. *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331; *Mallard v. Mallard,*

234 N.C. 654, 68 S.E. 2d 247; *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *S. v. Herbin,* 232 N.C. 318, 59 S.E. 2d 635; *S. v. Spruill,* 225 N.C. 356, 34 S.E. 2d 142; *Nichols v. Fibre Co.,* 190 N.C. 1, 128 S.E. 471.

The plaintiff is entitled to a new trial and it is so ordered.

New trial.

BARNHILL, C. J., took no part in the consideration or decision of this case.