G. E. KEITH v. THEADO LEE AND WIFE, QUEEN LEE.

(Filed 1 May, 1957.)

**1. Agriculture § 6: Partnership § 1a—**

A farming contract under which one person furnishes the land, implements, etc., in consideration of a share of the crops grown on the land by the other, does not create an agricultural partnership. G.S. 42-1.

**2. Trial § 31b—**

Where the trial court states the contentions of the parties, but inadvertently fails to explain and declare the law arising on the evidence, assignment of error to the charge must be sustained. G.S. 1-180.

APPEAL by plaintiff from *Seawell, J.,* at October 1956 Second Civil Term, of WAKE.

Civil action to recover damages for alleged breach of farming contracts.

It appears from the pleadings these facts are admitted:

I. Plaintiff and defendants, residents of Wake County, North Carolina, on or about 22 January, 1955, entered into a half-share farming contract for the year 1955, by the terms of which the defendants were to plant, cultivate, and harvest the following crops on land leased by plaintiff located in Wake County:

"1. Lands denominated as Rogers Farm:
    6.1 acres of tobacco
    12  acres of corn
    2   acres of sweet potatoes
"2. Lands denominated as Johnson Farm:
    4.3 acres of tobacco."

II. And on or about 20 May, 1955, plaintiff and defendants contracted that defendants would take over the cultivation, harvesting, grading, curing and sales of certain tobacco planted by A. T. Mills, Jr., for plaintiff on a 3.3-acre tract leased by plaintiff on property denominated as the Simmons Farm on a half-share farming contract, by the terms of which plaintiff was to furnish to defendants a tractor when needed, a truck when needed, proper storage area for cured tobacco, necessary farm equipment, machinery or implements, one-half of the fertilizer to be used in making said crop, advances for money for food and supplies as needed by defendants, and that upon gathering and harvesting said crops of tobacco, potatoes and corn, the same, or the proceeds of the sale thereof, were to be equally divided between plaintiff and defendants, subject, however, to lien of plaintiff for advances of money, food, supplies and one-half of the fertilizer used on said crops.

III. In consideration of the acts of plaintiff, defendants, who were experienced in farming operations, generally and specifically in growing crops of tobacco, corn, and potatoes, and were and are fully cognizant of the proper growing, storage, and curing methods necessary for the production of adequate crops, were to grow, harvest and cure said crops by proper farming methods under the direction of plaintiff.

Plaintiff alleges in his complaint substantially the following:

IV. That thereafter plaintiff, in conformity with the contract between these parties, did supply all equipment, seed, plants, and one-half the fertilizer necessary for the farming operations as well as the advances contracted for; but defendant failed and refused to properly care for, maintain, and harvest the corn and potatoes; and failed to properly grow, sucker, harvest, store and cure said tobacco crops in conformity with said contract in the following particulars, among others, to wit:

(1) That in the tobacco acreage on Rogers Farm and while tobacco was growing in the fields defendants failed to sucker the crops, resulting in damage to the quality of the tobacco leaves.

(2) That upon harvesting tobacco leaves, a crop easily damaged by mishandling, defendants mishandled, and allowed those working for them to mishandle and thus damaged same.

(3) That in curing the tobacco defendants so packed the tobacco barn as to prevent the proper curing of the tobacco, despite available space in proper curing barns made by plaintiff.

(4) That defendants failed and refused to maintain and keep a proper lookout and proper heat in a tobacco barn during the curing process, resulting in the loss of 800 pounds of tobacco through fire.

(5) That defendants, despite the facilities provided for by plaintiff to store tobacco in a dry, safe place, stored tobacco in open and damaged buildings, resulting in weather damages to said tobacco and necessitating the re-drying of said tobacco and a lower market for same so re-dried.

V. That defendants harvested and failed to account for a portion of the tobacco crop grown on said farms, to wit: 4500 pounds of primer grade, in accordance with said contracts and the law of the State of North Carolina, alleged upon information and belief.

VI. "That as a result of the breach of said contract by the defendants the yield from said Rogers Farm's six acres was 3,708 pounds of tobacco, whereas the said yield under proper farming methods should have been between 8,000 and 9,000 pounds; that the yield from the Simmons and Johnson farms was 7,884 pounds of tobacco, whereas the yield under proper farming methods should have been 8,224 pounds, resulting in the loss to the plaintiff of $1,837.00; that, further, said tobacco grown and harvested by the defendants herein was damaged,

resulting in depressed prices due to damaged tobacco and as a result therefrom the plaintiff suffered damages in the sum of $250.85."

Defendants, answering, admit the contracts, but deny that they breached the contracts, or that they are indebted to plaintiff.

And by way of further answer and defense, defendants aver that plaintiff failed to perform certain of the obligations assumed by him.

Upon the trial in Superior Court plaintiff testified, and offered testimony of others with respect to matters alleged in his complaint.

The defendants introduced no evidence, and the case was submitted to the jury on these issues, which the jury answered as indicated:

"1. Did the plaintiff and defendants enter into a contract, as alleged in the Complaint? Answer: Yes.

"2. Did the defendants breach said contract? Answer: No.

"3. What amount of damage, if any, is the plaintiff entitled to recover of the defendants? Answer: ..........."

To judgment on verdict in favor of defendants, plaintiff excepts and appeals to Supreme Court and assigns error.

*Sam J. Morris and Wright T. Dixon, Jr., for Plaintiff Appellant.*
*Taylor & Mitchell for Defendants Appellees.*

WINBORNE, C. J.  Defendants, appellees, file in this Court demurrer *ore tenus* to the complaint, that is, that the complaint fails to state a cause of action.  The demurrer is not well taken.  It is based upon false premise that the contracts here involved create as between plaintiff and defendants an agricultural partnership.  But this is not true for the statute, G.S. 42-1, originally enacted in 1868-9, Chapter 156, Section 3, and brought through various codifications as The Code, Section 1744, Revisal Section 1982, and Consolidated Statutes Section 2341, declares that "No lessor of property, merely by reason that he is to receive as rent or compensation for its use a share of the proceeds or net profits of the business in which it is employed, or any other uncertain consideration, shall be held a partner of the lessee."

It is true that before this statute was enacted the Supreme Court did hold in the case of *Lewis v. Wilkins* (1867), 62 N.C. 303, on which appellees, rely, that a relationship such as is here involved was an agricultural partnership, and that decision was followed in *Curtis v. Cash* (1878), 84 N.C. 41, and in *Reynolds v. Pool* (1880), 84 N.C. 37.  But those decisions were explained and corrected in the light of the provisions of the statute.  See *Day v. Stevens* (1883), 88 N.C. 83; *Belcher v. Grimsley* (1882), 88 N.C. 88; *Grissom v. Pickett,* 98 N.C. 54; *Lawrence v. Weeks* (1890), 107 N.C. 119, 12 S.E. 120; *S. v. Keith,* 126 N.C. 1114, 36 S.E. 169.  And these decisions have been followed in recent years: *Perkins v. Langdon,* 231 N.C. 386, 57 S.E. 2d 407; *Johnson v.*

*Gill,* 235 N.C. 40, 68 S.E. 2d 788; *Moss v. Hicks,* 240 N.C. 788, 83 S.E. 2d 890.

In *Day v. Stevens, supra,* this headnote epitomizes the opinion in this manner: "The statute expressly provides that the lessor, by reason of his receiving a share of the crop, shall not be regarded as a partner of the lessee."

And in *Perkins v. Langdon, supra,* it is held that "The fact that lessor is to receive as rent a percentage of the proceeds or net profits of the business, does not constitute lessor a partner therein," citing G.S. 42-1. Hence the demurrer is overruled.

Now turning to the assignments of error presented by appellants, exception to the failure of the trial judge to declare and explain the law arising on the evidence given in the case is well taken, G.S. 1-180, *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522, particularly as to what constitutes a breach of the contracts. It appears that the judge stated the contentions of the parties, but inadvertently failed to declare and explain the law arising on the evidence.

For this error there must be a

New trial.