WILLIAM MARSHALL SPARKS, by his Next Friend, THOMAS D. SPARKS, Plaintiff, v. J. H. PHIPPS and E. F. CRAVEN COMPANY, Defendants.

(Filed 22 November, 1961.)

1. Negligence § 1—

Negligence is the failure to exercise that degree of care which an ordinarily prudent man would exercise in like circumstances, the standard of care being constant while the degree of care varies with the exigencies of the occasion, since an ordinarily prudent man increases his watchfulness in proportion to the apparent danger.

2. Automobiles §§ 32, 46—

In this action to recover for injuries to a thirteen year old boy resulting from a collision between the bicycle he was riding and defendants' automobile, the charge of the court *is held* to have correctly in-

structed the jury as to the legal duties defendants owed plaintiff to keep the vehicle under control, keep a proper lookout, to sound the horn, or reduce speed or stop the car, or turn it in a manner to avoid the collision, arising on the evidence tending to show that defendant driver saw or should have seen the child riding his bicycle on the street.

**3. Automobiles §§ 19, 32, 46—**

In this action to recover for injuries to a thirteen year old bicyclist who was riding his bicycle down a slight grade without observing oncoming traffic and collided with defendants' car, traveling in the proper lane in the opposite direction, it *is held* that all of the evidence does not show that the emergency was brought about by defendants' negligence, and therefore the court properly instructed the jury on the aspect of sudden emergency upon the question of the negligence of defendant driver in turning his car to the right rather than to the left, which would have avoided the accident.

APPEAL by plaintiff from *Preyer, J.,* 10 July 1961 Term of FORSYTH.

Civil action to recover damages for personal injuries and property damage, resulting from a collision between a bicycle plaintiff, a 13-year-old boy, was riding and an automobile driven by the male defendant, who, according to an admission in the joint answer filed by the defendants, and also by an admission of defendants' counsel made during the trial, was an employee of the corporate defendant, and was driving the automobile at the time in the scope of his employment and in furtherance of his employer's business.

Plaintiff's evidence shows:

About 3:45 P.M. o'clock on 17 October 1958 plaintiff, who is generally called Butch, was riding his bicycle in a northerly direction down a moderately declining hill on Butler Street in the city of Winston-Salem. At the same time defendant Phipps was driving an automobile in a southerly direction down a moderately declining hill on the same street. No other traffic was on the street at the time. The crests of the two hills were about three-tenths of a mile apart, the street between them was straight, and there was no obstruction of view. Butler Street has tar and gravel hard surfacing 18 feet wide. The weather was clear, the street was dry. No center line was painted on the street. Plaintiff was going down the hill on the left side of the street a foot or two from the shoulder about 20 miles an hour so as to get far enough up the hill ahead so he wouldn't have to pedal too hard. He was riding with his head down all the way to the scene of the collision, looking at the grass go by so as to keep to the very edge of the street. Defendant Phipps was approaching him on his side of the street at about 35 miles an hour, and told Harry Tucker, a police officer and witness for plaintiff, in substance, he saw the boy approaching him on a bicycle at a speed of about 35 miles an hour with his

head down, he watched him, and when they were 30 or 40 feet apart, he noticed the boy was coming into his line of traffic and he applied his brakes and pulled to the right. Phipps did not blow his horn. Plaintiff testified: "I stayed on the very side of the road all the way down. I kept riding on the very edge of the road till I got right here, and that is the last thing I remember." He collided with the Phipps automobile near the foot of the hill. The collision occurred on defendant's side of the street, and the Phipps automobile was damaged on its extreme left front, right at the fender and headlight. In the collision plaintiff sustained serious injuries.

Defendants' evidence shows:

Phipps was travelling in a southerly direction down a hill on Butler Street between 30 and 35 miles an hour. He saw a boy riding a bicycle approaching him riding a little to the right of the center of the street in the direction the boy was going. Just as the boy got to the bottom of the hill he noticed the boy was looking down at the road, and when the boy reached the lowest part at the bottom of the hill and was 30 to 40 feet from his automobile, the boy started "angling" toward his automobile in his lane of traffic. He applied his brakes and pulled over on the shoulder, which at the time was composed of red dirt and soft, as far as he could to keep from going over a fill to his right. Just as he stopped, the boy rode right into his left front light and fender at an angle. At the time of impact the right front wheels of his automobile were three feet off of the hard-surfaced part of the street on the shoulder and his left wheels were on the tar and gravel. He didn't blow his horn, because he thought it would frighten the boy and he would probably come right over into him. He thought at any moment the boy would cut back straight on his side.

Issues of negligence, contributory negligence, last clear chance, and damages were submitted to the jury, who answered the first issue as to negligence, No.

From a judgment in accord with the verdict that plaintiff recover nothing, he appeals.

*James J. Booker and Eugene H. Phillips for plaintiff, appellant.*
*Womble, Carlyle, Sandridge & Rice By Charles F. Vance, Jr., for defendants, appellees.*

PARKER, J. All of plaintiff's assignments of error, except formal ones, relate to the court's charge to the jury.

Plaintiff assigns as error that the court failed to instruct the jury in respect to the first issue of negligence as to the legal duties defendants owed plaintiff arising on the evidence given in the case.

Plaintiff relies on what is said in *Greene v. Mitchell County Board of Education,* 237 N.C. 336, 75 S.E. 2d 129: "We have repeatedly held that the presence of children on or near a highway is a warning signal to a motorist. He must recognize that children have less capacity to shun danger than adults; are more prone to act on impulse, regardless of the attendant peril; and are lacking in full appreciation of danger which would be quite apparent to a mature person. When, therefore, he sees, or by the exercise of due care should see, that children are on the highway, he must immediately bring his vehicle under control and, in the exercise of ordinary care, proceed in such manner and at such speed as is reasonably calculated to enable him to avoid striking such child or children."

And he further relies on what is said in *Pope v. Patterson,* 243 N.C. 425, 90 S.E. 2d 706: "It has been repeatedly declared by this Court that a legal duty rests upon a motorist to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway. (Citing authority). A motorist must recognize that children have less judgment and capacity to appreciate and avoid danger than adults, and that children are entitled to a care in proportion to their incapacity to foresee, to appreciate and to avoid peril."

The trial court, after placing the burden of proof of the first issue on plaintiff, and properly defining negligence and proximate cause, and saying we have a number of laws and rules of the road which regulate the operation of motor vehicles on the highway, and a failure to observe these laws constitutes negligence, stated in a correct and elaborate manner plaintiff's contentions arising on the evidence, with some law stated in the contentions, as follows:

"Now the plaintiff, Mr. Sparks, contends that Mr. Phipps violated certain of these rules of the road and that, therefore, he is negligent. In the first place, he contends that Mr. Phipps violated our speed law. Now under our law a person, in the situation of this case, breaks our speed law if he drives at a speed in excess of 35 miles an hour, that being the speed at this location. However, our law further provides that a person shall operate his car at a speed that is reasonable and prudent under the traffic, weather and highway conditions existing at the time; so that it is possible that a person may be violating our speed law even though he is driving within the speed limit. Now our speed law further provides that a driver, when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, shall decrease his speed as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway.

"Now the plaintiff, Butch Sparks, contends that in this case Mr. Phipps saw, or should have seen, a thirteen-year-old boy riding a bicycle on the highway, and the plaintiff contends that that constitutes a special hazard within the meaning of that section, since he should have observed a child and, therefore, realized that that would require a higher order of care. So that in the first place Butch Sparks contends that Mr. Phipps violated our speed law, and that under the circumstances he should have reduced his speed more than he did, or come to a stop.

"Now he further contends that Mr. Phipps failed to keep his car under proper control, and failed to keep a proper lookout. Now the court instructs you that irrespective of any law which we might have about operating a motor vehicle, it is the duty of the operator of a motor vehicle to exercise the care which a man of ordinary prudence would exercise under similar circumstances to prevent injury to persons or property; and 'ordinary care' requires a driver to keep his car under proper control; that is, under the type of control that a reasonably careful driver would under the same circumstances; and it requires him to keep a reasonably careful lookout.

"Now the plaintiff contends that under the circumstances of this case that when Mr. Phipps saw the plaintiff on a bicycle that he failed to blow his horn, and that he failed to give timely warning to Butch Sparks of his presence there, and that he failed to stop, or that he failed to turn to the center of the street instead of turning to the right. So that he says that under all of the circumstances of the case that he failed to exercise the care which a reasonably careful driver would have under the same circumstances.

"Now on the first issue the Court instructs you that if the plaintiff, Butch Sparks, has satisfied you by the greater weight of the evidence that Mr. Phipps operated his car at a speed that was greater than was reasonable and prudent under the circumstances; or that he failed to keep his car under proper control, or failed to keep a proper lookout; or that he failed to use due care under all of the circumstances in failing to blow his horn or give timely warning; or that he failed to stop his car or turn his car in a manner to avoid the collision; and if you further find by the greater weight of the evidence that his, Mr. Phipps', negligence in any one of those respects, if you so find that he was negligent, was one of the proximate causes of the injuries to Butch Sparks, then you would answer the first issue 'Yes'; if you fail to so find, you would answer the first issue 'No.' "

After the part of the charge quoted above, the court elaborately reviewed the evidence given in the case in respect to the first issue.

Plaintiff contends that the vice in the quoted part of the charge

is that the court in charging in respect to the duty of a motorist to exercise the quantity of care required of him in order to meet the standard of care required of him, when he sees or by the exercise of ordinary care should see children on a highway, stated it as a contention of plaintiff, and not as the law of the case. In support of his contention he relies on what this Court said in *Dixon v. Wiley*, 242 N.C. 117, 86 S.E. 2d 784: "Moreover, it is error simply to state the contentions of a party and not declare and explain the law applicable to the facts which the jury might find from the evidence offered in support of such contentions." And also on what this Court said in *Keith v. Lee*, 246 N.C. 188, 97 S.E. 2d 859, to the same effect.

"There are no degrees of care so far as fixing responsibility for negligence is concerned. The standard is always that care which a prudent man should use under like circumstances. . . . In short, negligence is a want of due care; and due care means commensurate care, under the circumstances, tested by the standard of reasonable prudence and foresight. . . . This is the invariable standard of care applicable in all negligence cases. But a prudent man increases his watchfulness as the possibility of danger mounts. So then the degree of care required of one whose breach of duty is very likely to result in serious harm is greater than when the effect of such breach is not nearly so great. Thus, the degree — that is the quantity — of care necessary to measure up to the standard is as variable as the attendant circumstances. . . . Hence the quantity of care required to meet the standard must be determined by the circumstances in which plaintiff and defendant were placed with respect to each other. And whether defendant exercised or failed to exercise ordinary care as understood and defined in our law of negligence is to be judged by the jury in the light of the attendant facts and circumstances." *Rea v. Simowitz*, 225 N.C. 575, 35 S.E. 2d 871, 162 A.L.R. 999. "The care exercised or which should be exercised by an ordinarily prudent man is the standard of ordinary care, while the degree of care which such person exercises varies with the exigencies of the occasion." *Jackson v. Stancil*, 253 N.C. 291, 116 S.E. 2d 817.

After a careful study of the charge in respect to the first issue of negligence, it is our opinion that the court adequately declared, explained, and applied the law arising on the evidence given in the case in respect to the degree of due care required of defendants in order to meet the standard of care required of them, when the Phipps automobile was meeting plaintiff riding his bicycle, and that this does not appear only in the court's statements of the plaintiff's contentions.

Plaintiff assigns as error that the court in its charge gave defendants the benefit of the sudden emergency doctrine, and that this was

error because this doctrine was not applicable to the evidence, for the reason that all the evidence shows that defendant by his own negligence brought about or contributed to the emergency, if there was an emergency. Plaintiff further assigns as error that the court's instructions on the sudden emergency doctrine were contradictory.

Defendants pleaded the doctrine of sudden emergency as a defense in their answer. After a careful study of all the evidence in the record, it is our opinion that the doctrine of sudden emergency arose on the evidence given in the case, that all the evidence does not show, as plaintiff contends, that the defendants by their negligence brought about or contributed to the emergency, that the court properly charged on it, and its charge in that respect was not contradictory.

Plaintiff's other assignments of error to the charge have been examined and all are overruled. No new question is raised which needs discussion.

In the collision here a very bright and intelligent boy 13 years old was grievously injured. The case was tried in accord with substantial legal principles, and no sufficient cause has been shown to disturb the verdict and judgment below. All plaintiff's assignments of error are overruled.

No error.