STATE OF NORTH CAROLINA v. EDGLEE EDWARDS

No. 7525SC426

(Filed 17 December 1975)

Assault and Battery § 15— failure to instruct on defense of home

Where there was evidence that defendant acted in defense of his home in this prosecution for assault with a deadly weapon, the trial court erred in instructing the jury on defendant's right to act in self-defense without also instructing on his right to act in defense of his home.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 9 January 1975 in Superior Court, CALDWELL County. Heard in the Court of Appeals 16 September 1975.

Defendant was charged by warrant with an assault with a deadly weapon on one E. L. Brown. After trial and conviction in the District Court, he appealed to the Superior Court where he was tried de novo on his plea of not guilty.

The State offered testimony of E. L. Brown tending to show that about 7:00 p.m. on 13 April 1974 Brown drove his

pickup truck into the yard of defendant's home, blew his horn, and yelled at defendant to come out and talk. Defendant came to the door, saw Brown, went back into the house, got his shotgun, returned to the door, and shot, hitting Brown's truck and knocking holes in the radiator and chipping the windshield. Brown testified that he did not get out of his truck and did not have any weapon with him when he was at defendant's house. After the shooting, Brown left the premises in his truck. The State also offered testimony of Brown's wife, son, and a friend of his son to the effect that when Brown left in his truck he did not have a weapon with him.

Defendant offered evidence tending to show that he, along with some friends and their children, was inside his house on the night in question when Brown drove into defendant's yard and parked his truck with the headlights shining in the door of defendant's home. Defendant went to the door and saw the truck and a car sitting outside. Brown stepped out and told defendant "to come out there that he was going to kill" defendant. Defendant then turned back into the house and got his shotgun, which accidentally went off and shot through the bottom of the door. When the shotgun went off, "somebody or Mr. Brown" fired from outside into the house. Defendant cut off the lights, went back on the porch, and fired three times at the truck. Mr. Brown then left immediately and defendant went back in the house.

The jury found defendant guilty as charged, whereupon he was sentenced to serve an active sentence of not less than 12 nor more than 18 months. Defendant appealed.

*Attorney General Edmisten by Associate Attorney General Thomas M. Ringer, Jr. for the State.*

*Fate J. Beal for defendant appellant.*

PARKER, Judge.

Defendant contends that the trial judge committed error in his instructions to the jury in that, although the jury was instructed as to the justification of a defendant to act in defense of self, there was no instruction as to the right of the defendant to act in defense of his home.

Defendant offered evidence that he was in his home when he was threatened by the prosecuting witness and "somebody or

---

Mr. Brown" subsequently fired a gunshot into the house. "Ordinarily, when a person, who is free from fault in bringing on a difficulty, is attacked in his own dwelling, or home, or place of business, or on his own premises, the law imposes upon him no duty to retreat before he can justify his fighting in self-defense, regardless of the character of the assault." *State v. Walker,* 236 N.C. 742, 744, 73 S.E. 2d 868, 870 (1953). The right to defend one's home from attack is a substantive right. *State v. Spruill,* 225 N.C. 356, 34 S.E. 2d 142 (1945). This, of course, does not sanction the defendant in using excessive force in repelling the attack, *State v. Sally,* 233 N.C. 225, 63 S.E. 2d 151 (1951), but it is for the jury, under proper instructions, to be the judge of the reasonableness of defendant's actions.

Where, as here, there is evidence that defendant acted in defense of his home, an instruction on the defendant's right to act in self-defense without an instruction also on the defendant's right to act in defense of home contains prejudicial error. *State v. Miller,* 267 N.C. 409, 148 S.E. 2d 279 (1966).

New trial.

Judges BRITT and CLARK concur.