The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chrystal Redding Stanback. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the court and the court has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. None of the parties are appearing in a representative capacity.
4. There are no third party defendants or cross claimants.
5. The accident which is the subject of this claim occurred on 26 April 1988 at approximately 5:10 p.m. in Rocky Mount, North Carolina in Nash County at the intersection of State Road 1713 and RPR Road 1544.
6. The following are admitted into evidence without further qualification: the joint deposition of Dr. Josephus Bloem, M.D. and the depositions of Vikki Taylor and Reba Bone.
7. A proper complaint, answer, and reply have been duly filed by the respective parties.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 26 April 1988, at approximately 5:10 p.m. at the intersection of State Road 1713 and State Road 1544, southwest of Rocky Mount (Nash County), North Carolina, there was a motor vehicle accident in which the plaintiff, Gregory W. Farmer, was hit by a North Carolina Highway Patrol vehicle. At the time the plaintiff was operating a Yamaha motorcycle, and the patrol vehicle was a 1987 Crown Victoria Ford Sedan operated by the named allegedly negligent employee, Trooper Ralph Lee Edwards.
2. As a result of the accident, the plaintiff suffered a broken left leg, medical expenses of $18,715.00, and was unable to work for several months during his recuperations. His treating physician was Dr. Josephus Bloem, M.D. who has recommended a further operation on the plaintiff's leg which would cost around $10,000.00.
3. On 26 April 1988, around 5:00 p.m., Troopers Michael Murray and Ralph Lee Edwards, II, were operating a traffic check roadblock on Bethlehem Road (State Road 1714), west of Rocky Mount in Nash County. Trooper Edwards noticed a motorcycle do a U-turn in the road prior to the checkpoint, pass several cars on a double yellow line, and turn left without stopping onto Halifax Road (State Road 1544).
4. Upon observing the motorcycle performing these numerous and dangerous traffic violations, Trooper Edwards started to pursue the motorcycle. Trooper Edwards had a duty to pursue the motorcycle at that time, according to North Carolina Highway Patrol Directive 46 in effect at that time. The plaintiff would have been a class "C" criminal offender under the policy; and, as such, Trooper Edwards was proper in trying to apprehend the plaintiff as quickly as possible. Failure of Trooper Edwards to pursue would have been a breach of his duty to the North Carolina Highway Patrol.
5. Once in pursuit, Trooper Edwards noticed the plaintiff was laying low on the cycle to cut wind resistance and was operating at a high rate of speed on Halifax Road. At the crest of a large hill on Halifax Road where the road had double yellow lines indicating no passing, the motorcycle passed several cars on this blind hill. Trooper Edwards did not engage in such dangerous passing and lost ground on the chase. During the entire chase, Trooper Edwards had his sirens and flashing lights on.
6. At such time, the motorcycle had reached the point on Halifax Road where it intersected with Autry Road, Trooper Edwards had caught up with the motorcycle. The trooper and motorcycle had reached speeds up to 60 miles per hour by this point in the pursuit. At this point there were three cars in front of the motorcycle and trooper. The motorcycle crossed the double yellow line on Halifax Road and rode off the rear of the car in front of it several hundred feet without passing it. This car was operated by Ms. Vikki Taylor.
7. As the plaintiff approached the intersection of Old Mill road (RPR 1713) with Halifax Road, it pulled to the left side of the double yellow line to make a left turn onto Old Mill Road. But as the cycle started the turn, the plaintiff started to lose control of the motorcycle, and was going down. Trooper Edwards, upon seeing the motorcycle lose control, braked and was able to reduce his speed to 35 miles per hour before he collided with the motorcycle and driver. The plaintiff was tossed from the motorcycle and suffered a seriously fractured leg.
8. During this chase, Trooper Michael Murray had joined Trooper Edwards and was following Edwards. Trooper Murray was having difficulty keeping up with Edwards and the motorcycle, because cars which had pulled off in response to Trooper Edward's siren and lights, were pulling back onto the road at such time Trooper Murray came upon the scene. Trooper Murray confirmed Trooper Edward's testimony that Edwards had his lights and siren on during the chase. Murray came upon the accident scene and called for medical help. He and Trooper Edwards found that the plaintiff Greg Farmer, was attempting to stand on his broken leg and leave the site. Both troopers firmly spoke to Farmer and prevented him from standing in order to prevent him from damaging his leg even more and leaving the scene.
9. Reba Bone was one of the motorists in the three cars that were in front of the chase on Halifax Road. She witnessed plaintiff pull around her at a high rate of speed, and she started to pull off the road due to seeing Trooper Edwards' blue light. After the impact, Mrs. Bone gathered with other motorists; and a woman identified as driver of car three, stated to the group of which Mrs. Bone was a part: "I have never seen a motorcycle traveling so fast. He passed me almost flying." This statement is admissible as evidence, in that it is a res gestae exception to the hearsay rule.
10. While in the hospital after the accident, plaintiff was not cooperative and difficult with his medical care provider, Dr. Josephus Bloem. In his first visit to Dr. Bloem's office after being released, plaintiff acted in such a bizarre fashion that Dr. Bloem suggested to plaintiff's mother that he be confined to a mental institution. Plaintiff debated with Dr. Bloem on how his wound should be cared for, and criticized Dr. Bloem because he was a "foreigner," and "didn't know" many things.
11. On 26 April 1988 plaintiff rode through a stop sign and passed numerous cars on a double yellow line in a dangerous fashion. When plaintiff lost control of his cycle, Trooper Edwards was faced with a sudden emergency; he acted reasonably by braking as quickly as he could without hitting the three cars on the right or going into the woods or ditch on the left. Trooper Edwards had taken pursuit driving courses several times both while he was in the Highway Patrol and while in the Military Police. Trooper Edwards was not negligent in his operation of his vehicle at the time of the accident.
12. At the time of the accident, plaintiff was driving while his license was revoked. As a result of this accident, he was charged with numerous traffic violations, including careless and reckless driving, speeding to elude arrest, expired registration plate, and no financial responsibility, to name a few.
13. On 26 April 1988 the Plaintiff drove recklessly and out of control, and it was this negligence that was the proximate cause of the accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a general rule, in order to prevail under the Tort Claims Act, plaintiff must prove negligence on the part of the named state employee arising out of and in the course of the employment. Ayscue v. State Highway Commission, 270 N.C. 100,153 S.E.2d 823 (1967).
2. Negligence is the failure to so that which is what a reasonable prudent person would do under the same or similar circumstances. Sparks v. Phipps, 255 N.C. 657,122 S.E.2d 496(1961).
3. Young v. Woodall, 343 N.C. 459, 471 S.E.2d 357 (1996) holds that law enforcement officers in pursuit of violators or suspected violators in excess of speed limitations are held to a standard of care of gross negligence, rather than the ordinary standard care. There is no evidence to support a finding of gross negligence on the part of Trooper Edwards in his operation of his motor vehicle under the circumstances.
4. Pursuant to G.S. § 20-145, Trooper Edwards was not subject to the requirements of Chapter 20 as to operation of motor vehicles while in pursuit of a violator.
5. It was not negligence for the defendant Edwards to pursue Plaintiff; it was duty. It was not negligence for Trooper Edwards to chase at high speed; it was within the guidelines of NCSHP Directive 46 and North Carolina Law. The case of Riggan v.NC State Highway Patrol, 61 N.C. App. 69, 300 S.E.2d 252,disc.rev.denied, 308 N.C. 387, mandates a finding of no negligence in this case in that the Riggan case, supra, involved a Highway Patrol Trooper hitting a motorcycle in a "sudden emergency", during a chase, in a factual situation very close to the instant case.
6. Trooper Edwards acted in response to plaintiff's loss of control of his motorcycle in a reasonable and prudent manner: (1) he applied brakes as soon as possible; (2) he kept control of the car; and (3) he avoided the worst perils to his left and right, and kept straight. There was no evidence by the plaintiff offering an alternative course of action for Trooper Edwards.
7. A motorist has the legal duty to himself and others to keep his motor vehicle under control while operating it on the public highways. Plaintiff breached this duty of control he owed to himself and others and is, therefore, negligent and is precluded from any recovery against the defendant herein. This negligence by the plaintiff is the sole proximate cause of his injury. The defendant is not liable to plaintiff under the Tort Claims Act for negligence. G.S. § 143-291.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the ___ day of August 1998.
 S/________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/______________________ CHRISTOPHER SCOTT COMMISSIONER
S/______________________ RENÉE C. RIGGSBEE COMMISSIONER